JANE BERGEN, ADMINISTRATRIX, v. THE STATE, USE OF
W. S. CHEW.

JUDGMENT.  *Lien by abstract.  Sect. 833, Code of 1871, construed.*
Under sect. 833 of the Code of 1871, construed in connection with sect. 834 thereof, in order to give a judgment operation as a lien on property of the defendant in a county other than that in which it was recovered, it was necessary not only that an abstract of the judgment should be filed in the office of the clerk of the Circuit Court of such other county and enrolled on the judgmentroll therein, but that it should also be recorded "in a separate book, to be kept for that purpose."

APPEAL from the Circuit Court of Washington County.
Hon. B. F. TRIMBLE, Judge.

This action was brought against L. P. M. Watkins and his sureties on his official bond as clerk of the Circuit Court of Washington County, to recover for the use of W. S. Chew, damages resulting from the failure of Watkins, as such clerk, to record, as required by sect. 833 of the Code of 1871, the abstract of a judgment obtained in Issaquena County by Chew against James H. Buckner.  The abstract was delivered to Watkins, and at the same time his fees for filing, enrolling, and recording the same were paid to him.  The abstract was duly filed and enrolled on the judgment-roll, but was not recorded as prescribed by sect. 833.

In this attitude of the matter, Graham, Black & Co. obtained a judgment in the Circuit Court of Washington County against Buckner, and, by an execution directed to the sheriff of that county, had all of his property subject to execution levied upon and sold.  The proceeds of the sale were by the sheriff applied to their judgment, although it was recovered after the abstract of Chew's judgment had been filed and enrolled in the circuit clerk's office.

The action was dismissed as to all of the defendants except Jane Bergen, administratrix of the estate of Pat McKeon, a deceased surety.  The plaintiff recovered a judgment, and Mrs. Bergen appealed.

The solution of the question here presented involves a construction of sects. 833 and 834 of the Code of 1871, which are in the following language : —

" Sect. 833. No judgment or decree rendered in any court of the United States or of this State shall be a lien upon, or bind any property of the defendants situate out of the county in which such judgment or decree was rendered, until the plaintiff shall file in the office of the clerk of the Circuit Court of the county in which the property may be situated, an abstract of such judgment or decree, certified by the clerk of the court in which the same was rendered, containing the names of all the parties to such judgment or decree, its amount, and the date of the rendition, and the amount appearing to have been paid thereon, if any ; and it shall be the duty of the clerk of any Circuit Court, on receiving such abstract, and on payment of the fees allowed by law for filing, recording, and enrolling the same, to file the same and record it in a separate book, plainly indexed, to be kept for that purpose, and to note therein the day on which such abstract was filed for record as aforesaid, and he shall forthwith enroll the same on the *judgment-roll,* as in other cases ; and such judgment or decree shall, from the date of its enrolment as aforesaid, be a lien upon and bind the property of the defendants within the county where it shall be so enrolled.

" Sect. 834. Judgments and decrees, in law or in equity, rendered in any court of the United States held within this State, or in the Supreme Court, or the Chancery Court, shall not be a lien upon, or bind the property of, the defendants within the county in which such judgments or decrees may be rendered, until an abstract thereof shall be filed and recorded in the office of the clerk of the Circuit Court of the county, and enrolled on the *judgment-roll,* in the manner and on the terms hereinbefore provided ; and such judgments and decrees shall bind the property of the defendants from the date of such enrolment, in like manner as judgments and decrees rendered in a different county, and so enrolled."

*J. R. Yerger,* for the appellant.

There is a book kept by all circuit clerks, known as the "judgment-roll."  The judgment of Chew was regularly enrolled in this book, but was not copied into the " separate book " referred to in sect. 833 of the Code of 1871.  It is

plain to any one why these two books are required to be kept. The "judgment-roll" is the index-roll to which the sheriff is required to look in order that he may see whether or not there are judgments on property he sells. But the abstract-book is a book provided for, to answer the purpose of a final record-book of judgments from other counties, and to indicate that this character of judgments date their lien as judgments, not from the date of their rendition, but from the date of their being filed for record in the county to which the abstract is forwarded.

*J. R. Yerger* also made an oral argument.

*Frank Johnston*, on the same side.

Sect. 833 of the Code of 1871 must be construed in reference to the reason or object of the directions for a separate abstract-book. This book has no reference to the lien of the judgment, or to the enrolment on the judgment-roll, but must have been intended solely for the better preservation in the clerk's office of the evidence of the rendition of the judgment certified from the other county. It is, therefore, as to these judgments, nothing more than a final record. When filed in the clerk's office, the abstract becomes a matter of record ; and when placed on the judgment-roll, the lien is given and the priority of the judgment is fixed. The clerk is required to enroll the judgment "as in other cases ; " that is, with names, dates, and amounts as required. The terms "as aforesaid" refer to the enrolment, and to this particular form of enrolment; that is, the judgment shall be enrolled as " in other cases," — that is, in a particular form as to names, dates, etc., — and when thus enrolled, or when enrolled "as aforesaid," the lien shall exist from the date of the enrolment.

*Frank Johnston* also argued the case orally.

*M. Green*, for the appellee.

The sole question in this case argued here is as to the proper construction of sects. 829, 830, 832, and 833 of the Code of 1871.

Sect. 829 prescribes the form of a judgment-roll, and imposes the duty on the circuit clerk of enrolling judgments in accordance therewith. Sect. 830 provides that all judgments so enrolled shall be a lien upon, and bind all the property of the defendant or defendants within the county, etc. These two sections apply to the enrolment of local judgments, and not to foreign judgments. If demonstration was needed for this outside the words of these two sections, it would be found in the fact that sect. 833 provides for foreign judgments. It is true that enrolment on the judgment-roll is all that is required for judgments rendered in the Circuit Court of the county. It is not true that enrolment on the judgment-roll is all that is required to obtain a lien for a foreign judgment. See sect. 833, Code 1871.

Manifestly, simply enrolling a foreign judgment on the judgment-roll is not sufficient to acquire a lien. The statute forbids a lien until certain conditions precedent are fulfilled. The necessary conditions precedent are: First, filing the abstract, duly certified, and payment of fees for filing, recording, and enrolling; second, filing the abstract, and recording it in a separate book kept for that purpose, noting on record the time of filing. These must be fufilled and performed first. When these conditions shall have been performed, then " he [the clerk] shall forthwith enroll the same on the ' judgment-roll,' as in other cases ; " and " such judgment or decree shall, from the date of its enrolment as aforesaid, be a lien," etc.

*M. Green* made an oral argument also.

Campbell, J., delivered the opinion of the court.

The decisive question in this case is whether, under sect. 833 of the Code of 1871, a judgment rendered in one county, with an abstract of it made and certified as required, and filed in the office of the clerk of the Circuit Court of another county, in which property of the defendant may be situated, and enrolled on the judgment-roll in such office, but not recorded in a separate book kept for that purpose, became a lien in such

other county by virtue of its enrolment, or did the failure to *record* as directed make the enrolment nugatory.

The lien of a judgment depends on the statute regulating it. It exists, or not, as the statute declares. If the statute provides that certain things must concur to create a lien, it does not exist without the concurrence required; and although we are unable to perceive why a record of abstracts of judgments should be required, besides enrolment on the judgment-roll, which is a complete record of the abstract required to be recorded in a separate book, we find the law was so written, and must enforce it. But for sect. 834 of the same Code, we would feel authorized to regard the requirement to record the abstract in a separate book as not essential to the lien, and that enrolment made it a lien. The requirement to record might be regarded as directory to the clerk, in order to insure a memorial of the judgment, the abstract of which was directed to be thus recorded, and full effect would be given to the declaration that " such judgment or decree shall, from the date of its enrolment as aforesaid, be a lien," etc. "As aforesaid" might be construed as relating to the manner of enrolling prescribed by sect. 829. An examination of sect. 834 shows that, as to the judgments it embraces, *filing*, *recording as directed by sect. 833*, *and enrolling*, are all necessary to make them liens.

We conclude that under sect. 833 the recording of the abstract was necessary to make it a lien, and that by the failure of the clerk to perform his duty and record the judgment the plaintiff failed to acquire the right which would have accrued to him from such recording.

Judgment affirmed.