J. E. HUGHES, GUARDIAN, *v.* S. P. LACOCK, RECEIVER.

ENROLLMENT OF JUDGMENT.   *What necessary to bind individual property of part-ners.   Section 1736, Code of 1880, construed.*

H. obtained judgment against the mercantile firm of J. & W.   This judgment was enrolled under the letter " J," and the individual names of the firm were there set out also.   No entry of the judgment was made under the letter " W." *Held,* that under § 1736, Code of 1880, which provides "that all final judg-ments shall be enrolled by entering on such judgment roll under the appro-priate letter of the alphabet the names of each and every defendant," such enrollment binds the property and creditors of and purchasers from the firm, but does not bind the individual property of W., nor give notice to creditors of or purchasers from him individually.

APPEAL from the Chancery Court of Grenada County.

HON. J. G. HALL, Chancellor.

In 1882 J. E. Hughes, as the guardian of several minor chil-dren, obtained judgment in the Circuit Court of Grenada County against the mercantile firm of Jones & Winter.   Early in 1883 it was entered by the clerk on the judgment roll of this county under the letter " J ;" and he there also set out the individual names of the firm, but no other entry of it was ever made on the roll.   In 1884 R. H. Winter commenced to do a mercantile business on his individual account.   In 1885 he made an assignment, and after-ward S. P. Lacock was appointed a receiver to take charge of his effects for the benefit of his creditors.   Lacock converted the goods, wares, and merchandise which Winter had on hand into money.   Hughes petitioned the Chancellor to compel Lacock to pay his judgment out of the proceeds derived from the sale of the goods, upon which Hughes claimed he had a prior lien by virtue of his judgment, as against the creditors of Winter.   The Chan-cellor dismissed the petition, and Hughes appealed.

*W. C. McLean,* for the appellant.

1. The judgment was against Jones & Winter as a firm ; the de-fendant (collectively) was Jones & Winter.   The first letter of the defendant's name was " J."   The proper letter of the alphabet must be " J," under which to enter the judgment.   This was a *joint* judgment.   If Winter had been the surety of Jones, and

hence the judgment had been " several," and not "joint and several," as in this case, then it would have been proper to have entered the judgment under the letter " J " to become a lien as to Jones' property, and under the letter " W " in order to bind Winter's effects.

All that is required is a substantial compliance with the statute. Freeman on Judgments, § 347. And this surely has been done.

Section 1736, Code of 1880, seems to contemplate that where the party against whom the judgment is rendered is a firm, though composed of several individuals, that but one entry is necessary, though the names of each and every defendant must be written under this entry. This appears from the expression " under the proper letter." If the legislature had intended otherwise, it would have said " under the proper *letters* the names of each and every defendant." What is to be entered? The name of each and every defendant. (This was done.) Where? Under the proper *letters?* No ; but under the proper letter—and this was done.

*A. H. Whitfield,* for the appellee.

1. The reason why it is essential to a proper enrollment of this judgment that it should be entered under the letter " W " is obvious. Suppose a stranger who had never heard of Jones had before the assignment walked into Winter's store and proposed to buy his stock, and before making the purchase had gone to the judgment roll to see what judgments there were against Winter, under what letter would he be required to look? Manifestly under the letter " W," and under that letter alone; for to hold that he would be required to look under the letter " J " because he had happened, at some time in the past, to have had a partner named " Jones," would result in the absurdity of holding that it is necessary for one, wishing to ascertain what judgments there may be against one with whom he may desire to deal, to go into an examination of his entire life and see how many partners he has ever had, at least within the period of the statute of limitations, which cannot be. The enrollment in this case was in violation of the statute. It was under the letter of one of the partners, not of " each and every defendant." Freeman on Judgments, § 347.

ARNOLD, J., delivered the opinion of the court.

The statute provides that the judgment roll shall be appropriately divided under the several letters of the alphabet, and that all final judgments shall be enrolled by entering on such judgment roll, under the appropriate letter of the alphabet, the names of each and every defendant, etc. The object of the statute in requiring judgments to be enrolled is to create liens on the property of defendants and to give notice thereof to subsequent creditors and purchasers.

The enrollment of the judgment against the firm of Jones & Winter under the letter J on the judgment roll did not have this effect as to Winter, disconnected from the firm. Purchasers from and creditors and property of the firm might well be bound by the enrollment of the judgment as made, but as to Winter individually, and disconnected from the firm, it should have been enrolled under the letter W on the judgment roll. A different construction would render the judgment roll a snare instead of a protection to those for whose benefit it was intended.

*Affirmed.*