HAMILTON-BROWN SHOE CO. *v.* N. S. WALKER, SHERIFF.

LIEN OF JUDGMENT. *Property in another county. Enrollment of abstracts. Priority. Code* 1880, § 1738.

   Judgments do not become liens upon property of a defendant out of the county in which they were rendered until abstracts thereof are filed and enrolled in the office of the circuit clerk of the county where such property is situated, and the liens thus acquired have priority in the order of such filing and enrollment, without regard to the time of rendition of the judgments. Code 1880, § 1738.

FROM the circuit court of the second district of Hinds county.

HON. J. B. CHRISMAN, Judge.

The opinion states the facts.

*J. K. McNeeley,* for appellants.

By § 1736, code 1880, it is made the duty of the circuit clerk to enroll all judgments within twenty days after adjournment of the term in the order of their entry on the minutes, giving the amount, date of rendition and date of enrollment.

By § 1737 it is provided that all judgments so enrolled shall be a lien and bind all the property of defendant from the rendition thereof, and shall have priority according to the order of such enrollment, etc., and no judgment shall be a lien on any property of defendant unless the same shall be enrolled *in the manner herein* directed.

Under § 1738 it is made the duty of the clerk to enroll abstracts on the judgment-roll *as in other cases,* and such judgments shall from the date of enrollment *as aforesaid* be a lien upon and bind the property of the defendant within the county where they shall be so enrolled.

The expressions "as aforesaid" and "so enrolled" in § 1738 refer to the directions for enrollment in §§ 1736 and 1737, and the three sections must be construed together. In support of this view, it will be seen that § 1739 in reference to the enrollment of judgments from the United States courts, the supreme court and chancery courts of this state require their enrollment in the manner *hereinbefore* provided, evidently referring to the directions given in §§ 1736 and 1737.

All of the abstracts in question were sent to Claiborne county within twenty days after the adjournment of the court, and it was the duty of the clerk to enroll them in the order of their rendition. If this is not the proper construction of the statutes, the gravity and decorum of our courts will be disturbed, and the right of priority becomes a hasty scramble among hungry litigants.

*C. M. Williamson*, for appellee.

The language of § 1738 of the code is too plain to need construction. Judgments out of the county of their rendition become liens from the date of enrollment of the abstract in the county where the defendant's property is situated.

*Calhoon & Green*, on the same side.

The lien of a judgment depends on the statute regulating it. *Bergen* v. *The State*, 58 Miss. 627.

The statute, § 1738, ends all argument as to this question by expressly providing that "no judgment shall be a lien upon or bind any property" until enrolled. It is just as clear that appellant's judgment was not a lien upon and did not bind before enrollment as it is that appellee's judgment did upon being enrolled. The judgments all became liens "from the date of enrollment."

If this is not so, a junior enrollment at any time before sale under our levy would give appellants the prior right, which would be a premium upon lethargy.

WOODS, C. J., delivered the opinion of the court.

It is agreed by all parties interested herein that, on the 18th day of July, 1888, appellants obtained judgment in Hinds circuit

court against J. B. Ross, J. C. Ross, and E. Reed, and that the same was duly enrolled in said county on the 19th day of July, 1888.   That on the 19th day of July, 1888, the Schwab Clothing Co., and Flash, Preston & Co. also obtained judgments against the same parties, Ross, Ross, and Reed, in said circuit court, and that the same were likewise duly enrolled in the county of their rendition.   It is further agreed that The Schwab Clothing Co., and Flash, Preston, & Co. had abstracts of their said judgments duly enrolled in Claiborne county prior to the enrollment of the abstract of appellant's judgment, and that executions in the three cases were placed in the hands of the sheriff of Claiborne county on the same day, and that he levied these executions in the order of their enrollment in this county, and made sale of certain lands thereunder.

The proceeds of such sale being insufficient to satisfy all these judgments, motion was made by appellants for a rule on the sheriff of Claiborne county requiring him to apply the money in his hands, arising from such sale, to the satisfaction of the demand of the Hamilton-Brown Shoe Company first, and the balance, if any, to the demands of the other judgment creditors named.   This motion was denied in the court below, and the sheriff of Claiborne county was directed to apply the funds in his hands to the payment of the judgments in the order of their enrollment in his county.

"The lien of a judgment depends on the statute regulating it. It exists or not, as the statute declares."   *Bergen* v̇. *The State,* 58 Miss. 627, section 1738, code of 1880, declares that no judgment shall be a lien upon property situated out of the county in which the judgment was rendered, until a proper abstract of such judgment shall be filed in the office of the clerk of the circuit court of the county in which such property may be situated, and, after enrollment, the judgment shall be a lien upon a defendant's property in such county.

The statute bears its own construction upon its own face.   There is no judgment lien outside the county in which the judgment is rendered until the abstract of such judgment has been filed and enrolled in the other county in which defendant may have property. Priority in rendition, as in the case before us, has no determining

effect : the date of the filing and enrollment of the abstract of the judgment in Claiborne county is the controlling and conclusive consideration in the determination of the sole point before us.

The judgment of the court below is in conformity to this view, and is therefore,

*Affirmed.*