### Johnson *et al v.* Cole Mfg. Co.*

(Division B.   Nov. 22, 1926.)

[110 So. 428.   No. 25905.]

JUDGMENT. *Judgment does not become lien unless enrolled within twenty days provided for, and after such twenty days it is not a lien unless enrolled; title passing from judgment debtor to third person for consideration before enrollment of judgment is not affected thereby (Hemingway's Code, sections 606, 607).*

Under sections 606 and 607, Hemingway's Code (sections 818 and 819, Code of 1906), a judgment does not become a lien unless enrolled within the twenty days provided for; and after twenty days it is not a lien until it is enrolled. It is the enrollment which *creates* the lien, and, if title passes from a judgment debtor to a third person for a consideration before the judgment is enrolled, the judgment will not affect such title.

---

*Corpus Juris-Cyc. References: Judgments, 34 C. J., p. 582, n. 59.

APPEAL from circuit court of Coahoma county, Second district.

HON. W. A. ALCORN, JR., Judge.

Action by J. H. Johnson, trustee, and others, against the Cole Manufacturing Company. From a judgment for defendant, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

*Cutrer & Smith,* for appellants.

The lower court was manifestly in error in sustaining the motion of Cole Manufacturing Company for a directed verdict. Manifestly, unless the Cole Manufactur-

ing Company had a superior lien to the title of the trustee named in the deed of trust, the purchaser at the sale, under the deed of trust, acquired a good and valid title.

We freely admit that had judgment in favor of the Cole Manufacturing Company against the Johnson-Harlow Lumber Company been enrolled in accordance with section 606, Hemingway's Code, the trustee in the deed of trust could have conveyed no title to J. H. Johnson, trustee, the purchaser at the sale, superior to the rights of the Cole Manufacturing Company. We contend, however, that inasmuch as the undisputed testimony discloses that the judgment was not enrolled within twenty days after the adjournment of the term of court, at which the judgment was rendered, section 607, Hemingway's Code, does not operate to create a lien in favor of the Cole Manufacturing Company from the date of the rendition thereof.

The entering of a judgment at the term of court does not constitute a lien in favor of the judgment creditor. The judgment can only become a lien when section 606, Hemingway's Code, has been strictly complied with. Compliance with this section of the Code is the creation of a lien which did not exist in the absence of compliance.

Section 607 likewise provides, ''. . . a judgment shall not be a lien on any property of the defendant thereto, unless the same be enrolled.'' It is only by virtue of the provisions of section 607 that a lien on the property of the judgment debtor is created. In the absence of the provisions of sections 606 and 607, no lien of any character exists in favor of a judgment creditor. This question has been specifically passed upon by this court in *Hughes* v. *Lakecocke, Receiver,* 63 Miss. 112; See, also, *Planters Bank of Tennessee* v. *Conger et al.,* 20 Miss. 527.

Although the sections of our code as now applying to the enrollment of judgments was not the same as were in existence at the time the *Conger case, supra,* was de-

cided, yet the principle announced in that case is identical with the principle involved in the case at bar. See, also, *Wyatt* v. *Beatty,* 10 S. & M. 463; *Berger* v. *State,* 58 Miss. 623 at 627; *Hamilton Brown Shoe Co.* v. *Walker,* 67 Miss. 197 at 199.

The remedy of the Cole Manufacturing Company for the failure of the clerk to enroll the judgment as provided by law was a suit on his bond. The record in this cause discloses that this course of action was taken by the Cole Manufacturing Company.

*Maxson & Burns* and *Maynard, Fitzgerald* and *Venable,* for appellee.

Sections 607-608, Hemingway's Code (section 818-819, Code of 1906) are here involved. It will be noticed that a deed of trust was given to secure antecedent indebtednesses. It, therefore, follows that the beneficiaries were not innocent purchasers for value without notice and took the property with whatever notice Johnson of the Johnson-Harlow Lumber Company, principal, had of the existence of the judgment in favor of the Cole Manufacturing Company. *Boone* v. *Barnes,* 23 Miss. 136; *Perkins* v. *Swank,* 43 Miss. 349; *Hinds* v. *Pugh,* 48 Miss. 276; *Newell* v. *Crider,* 50 Miss. 544; *First National Bank of Meridian* v. *Strauss,* 56 Miss. 484; *Harris* v. *Lombard,* 60 Miss. 33.

The narrow question then presented is whether or not, although the Johnson-Harlow Lumber Company and Johnson knew of the existence of the judgment, the failure to enroll the judgment gave Johnson a good title to the property when he bought with his knowledge of the trustee's sale in which, though Johnson was not an innocent purchaser for value without notice in that he had notice and actual knowledge of the judgment, he is protected by force of the statute alone. If Johnson is entitled to the property at all, it is because of the language of the statute which says that "  . . .  and a judgment shall not be a lien on any property of the defendant unless the same shall be enrolled."

It is claimed by Johnson and by his counsel in their brief that the force of this statute is that the judgment not having been enrolled within the twenty days, all rights to proceed against this property or to hold it subject to a lien is lost, the Johnson-Harlow Lumber Company having given a trust deed upon it before the judgment was actually entered on the judgment roll. It is submitted that this is not the correct construction of the statute.

In the first place, at the common law and, we think, even under the statute the so-called judgment lien is not a *jus ad rem* or a *jus in re,* but is merely a right to subject the thing to a satisfaction of the claim, a mere right to go against the thing, and the test at common law, as we understand it, was whether or not there was a right to an execution.

Along the same line, our court has held that even under the statute, the right is the same thing, that it creates no specific lien. *First National Bank of Commerce v. Donald,* 112 Miss. 681. It follows, therefore, that this statute cannot be taken literally where it says that a judgment shall not be a lien (which is a mere right to levy execution) on any property of the defendant thereto, unless the same be enrolled; because, if taken literally, it would preclude the judgment creditor from issuing execution until the judgment in fact had been enrolled on the judgment roll.

The purpose of the statute is to protect only those who are innocent purchasers, or takers of property for value and without notice. In this case, the Johnson-Harlow Lumber Company and J. H. Johnson had absolute knowledge that a judgment was obtained because they were parties to it; and if the statute is given the construction contended for, it simply means that although having a knowledge of this judgment and the rights of the Cole Manufacturing Company, and the failure of the clerk to record it, they diverted the property, and for the benefit of said creditors sought to deprive the Cole

Manufacturing Company of the priority which arises from its lien. But it is the principle, as we understand it, that whenever information comes to a person which would put a reasonably prudent man upon inquiry and he makes none, he is held conclusively to know everything which an inquiry would have revealed. *Woods* v. *Garnett*, 72 Miss. 78.

In view of these considerations, it is not surprising that unless the words of a statute absolutely preclude such a construction, the courts hold that the failure to index or docket a judgment, or a mistake, or omission made in attempting to docket it, does not wholly destroy its effect as a lien, but merely makes the lien inoperative as against *bona-fide* purchasers having no knowledge, actual or constructive, of the judgment. *Gilbert* v. *Berry*, 190 Iowa, 170, 180 N. W. 148; *State Savings Bank* v. *Shinn*, 130 Iowa, 365, 114 A. S. R. 424; *Fuller* v. *Nelson*, 35 Minn. 213 28 N. W. 511; *Buchan* v. *Somner* 2 Barb. Ch. (N. Y.) 165, 47 Am. Dec. 305; *Jenney* v. *Zehnder*, 101 Pa. St. 296; *McClasky* v. *O'Brian*, 16 W. Va. 791.

The Johnson-Harlow Lumber Company owed the Cole Manufacturing Company. It has various properties and assets. The Cole Manufacturing Company had a judgment against it, and there was every reason for Mr. Maxson to presume that they were simply making a payment upon the indebtedness.

We submit that the judgment was correct and this case should be affirmed.

*Cutrer & Smith,* in reply, for appellants.

The Negotiable Instruments Law specifically provides that a preexisting indebtedness is a sufficient consideration to support a negotiable instrument. Section 2603, Hemingway's Code; section 25, Negotiable Instruments Law. The authorities cited by counsel, all of which antedate the adoption of the Negotiable Instruments Law, adopted by the legislature of this state are wholly inapplicable.

However, whether there is a consideration supporting the contract or not is immaterial in this case. The question is whether or not the statutes of this state respecting the enrollment of judgments create a lien in favor of the judgment creditor to have effect prior to the enrollment, or whether or not the enrollment of the judgment three months after passing of title to the subject-matter named in the deed of trust to the trustee for the purpose of securing the indebtedness named therein took precedence. The best authority we can cite in support of our contention that no lien existed in this cause except from the date of its actual enrollment is section 607 which so provides.

. The entire contention of appellee is based upon the supposed knowledge of J. H. Johnson, the purchaser at the trustee's sale, that there was a judgment in existence. Our contention is that it does not now make any difference how many judgments are in existence against any judgment debtor, for unless they are enrolled, as provided by law, there is no lien in favor of the judgment creditor.

The question raised by counsel for appellee is quite similar to that raised in *Nugent & Co.* v. *Priebatsch et al.,* 61 Miss. 402, holding that the fact that the purchaser at an execution sale is not a *bona-fide* purchaser for value does not deprive him of the right which the plaintiff in this judgment has as a creditor, to subject to the payment of the judgment rights of the debtor of the conveyence of which he has no notice, actual or constructive.

In answer to all of the questions presented by counsel we simply rely upon the statute.

ETHRIDGE, J., delivered the opinion of the court.

On the 18th day of May, 1923, the Cole Manufacturing Company obtained a judgment against L. C. Franklin, L. P. Slater, and the Johnson-Harlow Lumber Company, a corporation. Through some inadvertence or

oversight of the clerk, this judgment was not placed on the judgment roll until March 12, 1924. On the 31st of December, 1923, the Johnson-Harlow Lumber Company executed a deed of trust in favor of certain parties named therein. This deed of trust was executed by J. H. Johnson, president of the Johnson-Harlow Lumber Company, who had full knowledge of the fact of the judgment being rendered. Afterwards, on the 19th day of May, after the enrollment of the judgment in March, a sale was had under the trust deed, and Johnson purchased the property. After the Cole Manufacturing Company issued an execution on its judgment, this being the 7th day of October, 1925, the execution was levied on certain personal property, and Johnson filed his claim thereto, which gives rise to the present lawsuit.

The question for decision is whether or not, under sections 606 and 607 of Hemingway's Code, being sections 818 and 819 of the Code of 1906, the Cole Manufacturing Company acquired a lien under their judgment, and whether or not, in the absence of a lien, they can resort to property conveyed in the deed of trust ·which was afterwards purchased by Johnson.

Sections 606 and 607 of Hemingway's Code read as follows:

"606. The clerk of the circuit court shall procure and keep in his office one or more books, to be styled the 'Judgment Roll,' which book shall be appropriately divided under the several letters of the alphabet, and on each page shall be placed the following caption:

| Defendants' Names. | Amount of Judgment or Decree. | Date of Rendition. | County and Court in Which Rendered. | Date of Enrollment. | Plaintiffs' Names. | When and How Satisfied. | Remarks. |
|---|---|---|---|---|---|---|---|

"And the clerk shall, within twenty days after the adjournment of each term of the court, enroll all final judgments rendered at said term, in the order in which they were entered on the minutes, by entering on the judgment roll, under the proper letter or letters of the alphabet, the

names of each and every defendant to said judgment, the amount of such judgment, the date of its rendition, the county and court in which rendered, the date of enrollment, and the names of the plaintiff or plaintiffs. When any judgment shall be satisfied, the clerk shall so enter under the proper heading, and subscribe the entry.

"607. A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled; but in counties having two judicial districts a judgment shall operate as a lien only in the district or districts in which it is enrolled."

We are of the opinion that these sections give no lien until the judgment is enrolled; that it is the enrollment of the judgment that creates the lien; and that the judgment roll is not merely for the purpose of giving notice of a preexisting lien. There being no lien until the enrollment of the judgment on the property of the Johnson-Harlow Lumber Company, title passed by the deed of trust to the trustee and by the sale thereunder to Johnson. In other words, the Cole Manufacturing Company had no legal title or lien that affected the title, and it is immaterial whether Johnson had knowledge of the judgment or not. The judgment did not attach to the property under the circumstances stated. See *Hughes* v. *Lacock,* 63 Miss. 112; *Planters' Bank of Tennessee* v. *Conger et al.,* 20 Miss. (12 Smedes & M.) 527; *Wyatt* v. *Beaty,* 10 Smedes & M. (18 Miss.) 463; *Hamilton Shoe Co.* v. *Walker,* 67 Miss. 197, 6 So. 713.

The judgment of the court below will be reversed and judgment rendered here for the appellant.

*Reversed, and judgment for appellants.*