## De Bardeleben Coal Corporation *v.* Parker *et al.*

(Division B. Nov. 21, 1932. Suggestion of Error Overruled January 2, 1933.)

[144 So. 474. No. 30256.]

(Division B. Jan. 2, 1933.)

[145 So. 341. No. 30256.]

For former opinion, see 144 So. 474.

Chas. Lee Crum, of New Albany, for appellant.

Stephens & Stephens, of New Albany, for appellee.

**Griffith, J.,** delivered the opinion of the court.

During the months of December, 1929, and January, 1930, W. E. Parker became indebted to appellant in the sum of four hundred forty-one dollars and eighty-six cents for coal purchased by Parker from appellant. At that time Parker was the owner of an undivided one-seventh interest in certain real estate described in the bill, and which interest had been inherited by Parker from his father, N. J. Parker, who died on November 15, 1929. W. E. Parker was also a distributee in like proportion in the personal estate of his deceased father but which personal estate is still in the course of administration.

On March 3, 1930, W. E. Parker conveyed to his mother, Mrs. Mary Parker, his entire interest in the said lands, the sole consideration for the conveyance being as follows: In the fall of 1922, Mrs. Mary Parker loaned to her husband, N. J. Parker, the money with which to purchase the said lands, it being understood, so far as the record shows, that the property was to be purchased in the name of the husband and thereafter so held. The adult heirs at law of N. J. Parker, including W. E. Parker, were made acquainted with the fact that the land was purchased by money loaned by the mother, Mrs. Mary Parker, and the said heirs agreed with her that she need not probate or attempt to probate her claim for said money against the estate, and that in lieu thereof, the heirs would deed the lands to the mother, and it was in accordance with this agreement, and for this sole con-

sideration, that the deed of March 3, 1930, by W. E. Parker to his mother was made.

The debt due by W. E. Parker to appellant not having been paid, and there being no remaining property out of which appellant could recover its debt, a creditor's bill was filed by appellant on February 10, 1931, the prayer of which was that the conveyance by W. E. Parker to his mother should be set aside as without valid consideration and therefore in fraud of creditors. The court on the final hearing dismissed the bill and denied any relief.

It is not claimed in the testimony or in the argument that any such facts existed as would raise a constructive trust in behalf of the mother, the appellee, in respect to said lands; but it is argued that there was a resulting trust in her favor because she had furnished the money with which the lands were purchased. This contention is not well founded, for it is the settled rule that, where money is advanced by way of a loan to be used by the borrower in the purchase of property in his own name, no resulting trust arises in favor of the lender. 39 Cyc. 135.

The suggestion is made in the argument by appellee, although no authority is cited to that effect, that the oral agreement by the adult heirs to recognize and admit the debt and to convey the land in discharge thereof is a sufficient consideration to support the deed in favor of the mother and to justify the preference made to her over the creditors of the heirs. There is thus presented the question whether a moral obligation is a sufficient consideration to support a deed as against a complaining creditor whose debt has legal existence. This is the question, because obviously the heir W. E. Parker, did not personally owe any part of the debt due by his father to his mother, and he could be made personally liable for it only by an agreement or promise in writing, which

does not appear here. And the heir, W. E. Parker, could not be made liable by his oral agreement that his mother need not probate her claim against the estate of his father, because it appears from the statement of the facts that the debt of the father to the mother for the money loaned had become barred by the statute of limitations at the time of the death of the father; and since it is the duty of an administrator to raise the defense of the statute of limitations against any barred claim which is attempted to be probated, the mother's claim had become in law a dead claim, unenforceable against the estate, and could therefore, of its own force, never be. made more than a moral obligation against any heir or distributee.

What we mean by the term "moral obligation," in the connection in which we are now considering the subject, is an obligation which of its own potency is not, has not been, and will not be, enforceable either in law or in equity against the particular obligor involved. It is said that there is a conflict of authority as to whether such an obligation is a sufficient consideration to sustain a conveyance of property against the creditors of the grantor, but the annotators have considered that the case, Cock v. Oakley, 50 Miss. 628, 631, has aligned this court with those holding in the negative. 27 C. J., p. 527. See, also, 13 C. J., p. 538; 12 R. C. L., p. 576. If the case cited has not definitely decided the point, as stated, we now expressly so decide, and hold that a nonactionable moral obligation will not, as a consideration, support a conveyance as against a legal creditor of the grantor. To so determine is, in our opinion, not only in accord with established general principles, but to hold otherwise .would introduce impractical and impolitic features into the administration of justice in respect to the character of transactions we are here considering.

We conclude, therefore, that the court was in error in dismissing the bill in its entirety. We are of the opinion, however, that, in so far as the bill sought to subject the personal property in the hands of the administrator or to reach the twenty-four acres which was shown to be the homestead of the grantor, W. E. Parker, and which is particularly described in the second amended bill, the decree is correct and as to those two items is affirmed. As to all the lands other than the said twenty-four acres, the decree is reversed and the cause is remanded.

Affirmed in part, and in part reversed and remanded.

**Ethridge, P. J.,** delivered the opinion of the court on the suggestion of error.

It is stated in the suggestion of error that if sections 2146, 2147, and 2148, Code 1930, or either of them, apply to the sale of an exempt homestead, the suggestion of error should be sustained; but if neither of these sections with reference to filing deeds for record apply to deeds conveying homesteads that are exempt under the law, then the suggestion of error should be overruled.

It may be that the said sections apply to conveyances of homesteads under certain conditions, but we are of the opinion that they do not apply to the case made by this record. At the time the exempt homestead was conveyed it was occupied by the exemptionist, and the judgment creditor had no rights affected by such conveyance. A judgment lien does not apply to an exempt homestead, and under the law of this state the exemptionist can convey his homestead unaffected by enrolled judgments. See section 1777, Code 1930. As the homestead was occupied at the time of the conveyance as a homestead, the judgment lien did not extend to it, and when the occupant moved away from the homestead it had al-

ready been conveyed, and title vested in the grantee of the deed. There was nothing for the judgment to attach to. Johnson et al. v. Cole Manufacturing Co., 144 Miss. 482, 110 So. 428, 429. In that case we said: ''We are of the opinion that these sections give no lien until the judgment is enrolled; that it is the enrollment of the judgment that creates the lien; and that the judgment roll is not merely for the purpose of giving notice of a preexisting lien. There being no lien until the enrollment of the judgment on the property of the Johnson-Harlow Lumber Company, title passed by the deed of trust to the trustee and by the sale thereunder to Johnson. In other words, the Cole Manufacturing Company had no legal title or lien that affected the title, and it is immaterial whether Johnson had knowledge of the judgment or not. The judgment did not attach to the property under the circumstances stated. See Hughes v. Lacock, 63 Miss. 112; Planters' Bank of Tennessee v. Conger et al., 20 Miss. (12 Smedes & M.), 527; Wyatt v. Beaty, 10 Smedes & M. (18 Miss.), 463; Hamilton Shoe Co. v. Walker, 67 Miss 197, 6 So. 713.''

Suggestion of error overruled.