## Davis *v.* Lammons

No. 42630          April 15, 1963          151 So. 2d 907

*Harmon W. Broom,* Jackson, for appellant.

*King & King, K. Hayes Callicutt, Satterfield, Shell, Williams & Buford, Lipscomb & Barksdale,* Jackson, for appellees.

ETHRIDGE, J.

(Hn 1) This case involves a claim by a judgment creditor to proceeds of a voluntary sale of exempt homestead property. We hold that under the Mississippi statutes such proceeds are exempt from the garnishment.

For several years prior to 1961, Emmett Lammons and wife owned and occupied as a homestead a house and lot in the City of Jackson. In August, 1961 Henry

M. Davis, the appellant, obtained a judgment in the circuit court against Mrs. Lammons in the amount of $1,750, in a tort case involving an automobile accident. In November, 1961 James Parkin obtained a judgment of $1,200 against Mrs. Lammons for injuries growing out of the same accident.

On October 6, 1961, the Lammons sold their homestead property to L. B. and Vivian Whittington for $10,500. This price included the balance due on a note and deed of trust of $5,344.50. In addition to this mortgage debt, there was also deducted, from the purchase price paid the sellers, certain bills of materialmen and mechanics for repairs to the house before sale, and other expenses connected with the sale (properly as found by the chancellor), which left $3,485.05 to be received by the Lammons from the sale of their homestead. However, the attorneys who closed the transaction knew of Davis' judgment against Mrs. Lammons. They required the Lammons to put in escrow with Kansas City Title Insurance Company the sum of $1,800.

The escrow agreement provided that the Davis judgment against Mrs. Lammons constituted an apparent lien on the property, and, in consideration of Kansas City's issuance of mortgage title insurance, the Lammons agreed to deposit $1,800 as a guaranty with Kansas City that the Davis judgment would be canceled; that they would hold Kansas City harmless by virtue of the Davis Claim; and Kansas City agreed to return to them the amount in escrow upon receipt of proof of payment and cancellation of the lien on their former homestead. The $1,800 paid by the Lammons into this escrow account came from their remaining equity in the property. Subsequently Kansas City released $600 of it, leaving $1,200 in escrow held by Kansas City.

In March, 1962 the Lammons filed this action in the Chancery Court of Hinds County against Davis, Parkin, Kansas City, and the Whittingtons. The amended bill

asked the court to adjudicate that their Jackson homestead property, sold to the Whittingtons, and its proceeds were exempt from and not subject to the enrolled judgment liens of Davis and Parkin, to remove them as clouds on that title, and to direct Kansas City to release the $1,200 in escrow to complainants.

Several days after this, in circuit court, Davis had writs of garnishment issued against Kansas City. Kansas City answered that it had been made a defendant in the chancery court action, interpleaded the $1,200 in escrow, and asked for a retention of the funds in escrow, or an adjudication that the Davis judgment did not constitute a lien on the property. Since the chancery action had been brought before the writ of garnishment was served on Kansas City, and other similar writs on others, the circuit court transferred all issues in garnishment to the chancery court.

After a hearing, that court held that the judgments of Davis and Parkin were not liens against the homestead property of the Lammons, conveyed to the Whittingtons, or against proceeds of its sale received by complainants; that the $1,200 in escrow was the identical money received by the Lammons from the sale to the Whittingtons, and was exempt from the writ of garnishment issued against Kansas City. It dismissed Davis' garnishment with prejudice, and removed his and Parkin's asserted judgment liens against the property and Mrs. Lammons' interest in it and its proceeds.

Mississippi Code 1942, Rec., section 317 provides that homestead property is exempt from seizure or sale, under execution or attachment, not exceeding the sum of $5,000, but in determining this value, existing encumbrances on the property shall first be deducted from its actual value.

Section 329 provides: ''The exempt property, real or personal, disposed of by the owner, shall not by disposal become liable to the debts of the owner; and any debtor

leaving this state may take with him his personal property which is exempt from execution."

Section 307(10)(b) states that the following property shall be exempt from seizure under execution or attachment: "The proceeds of insurance on property, real and personal, exempt from execution or attachment, *and the proceeds of the sale of such property."*

(Hn 2) Under these statutes the proceeds of the voluntary sale of a homestead are exempt in all circumstances. The exemption is not dependent, as in some other states, on the vendor's continuing to be a housekeeper, or on his intention to acquire another homestead, or on the intent with which he keeps the proceeds. 40 C.J.S., Homesteads, sec. 71; see 26 Am. Jur., Homestead, secs. 48, 49.

(Hn 3) After they sold their house in the City of Jackson to the Whittingtons, the Lammons purchased a home in the adjoining Rankin County, but did not pay any cash for it. On March 23, 1962 the Lammons filed in Rankin County an application for homestead exemption, from part of their 1962 ad valorem taxes, on the Rankin County property. On the line of the printed application, they stated they paid the full price on the Rankin County land, $13,050, but their testimony reflects this was in error. Complainants' objection to this evidence was sustained by the trial court, although counsel for Davis was permitted to make a record on it. This was not error. Appellants' assignment of errors fails to assert the exclusion of this evidence. Moreover, the application in another county for 1962 homestead exemption was on a collateral issue, and was not relevant on whether proceeds of the sale to Whittington in the hands of the escrow agent were exempt from Davis' garnishment.

The statutes recognize the exempt status of the proceeds of the sale of the homestead property within the $5,000 exemption. Code secs. 329, 307(10)(b).

Bank of Myrtle v. Garrison, 183 Miss. 526, 184 So. 291 (1938), applied the exemption to proceeds of a sale of homestead. Quoting what is now Code 1942, section 329, the opinion said:

"It is clearly the purpose of these statutes to give the surviving husband or wife, who has been an exemptionist, the benefit of the exemption if the survivor was over sixty years of age at the time of the partner's death; to give the right to retain the proceeds of the sale of the homestead, should it be best to sell it. It therefore appears that Sanderson did not lose his right of exemption by selling the homestead; nor did the fact that he reacquired the homestead on a rescission of the contract affect his right to exemption. Exemption laws are construed liberally in favor of the owner of the property exempted; and this being a suit in equity, it is clear that Sanderson did not lose his rights, because the proceeds went into the reacquirement of the property, and would remain proceeds of the exemption at the time of his wife's death." See Howell v. General Contract Corp., 229 Miss. 687, 701, 91 So. 2d 831, 93 So. 2d 175 (1957). Adams v. Dees, 62 Miss. 354 (1884) is not pertinent, because at that time there was no statute exempting the proceeds of the sale of a homestead.

In De Bardeleben Coal Corp. v. Parker, 164 Miss. 728, 736, 144 So. 474, 145 So. 341 (1933), it was held that a judgment lien does not apply to an exempt homestead, and "under the law of this state the exemptionist can convey his homestead unaffected by enrolled judgments." See also Annos., Exemption of Proceeds of Voluntary Sale of Homestead, 1 A.L.R. 483 (1919), 46 A.L.R. 814 (1927); Anno., 161 A.L.R. 1256 (1946).

Appellant erroneously asserts that the issue is whether a person is entitled to two exemptions of homestead. The Lammons claimed a homestead exemption in their new home in Rankin County for the year 1962, after

they had sold in October, 1961 their homestead in Jackson. We are not concerned with any homestead rights they may have in Rankin County, but only whether the clearly traced proceeds of the sale of the Jackson homestead are exempt. The chancery court correctly held they were. There were no errors in the decree of the trial court.

Affirmed.

*McGehee, C. J., and Kyle, Rodgers and Jones, JJ.,* concur.