SUGG, Presiding Justice,
for the Court:
Appellants filed a bill of complaint in the Chancery Court of Panola County to foreclose judgment liens on property which had been sold under a deed of trust in favor of the Panola County Bank. This appeal is from a decree dismissing the bill of complaint. We reverse and remand.
The facts in this case are undisputed. Marko Radich and wife, Carol B. Radich, owned and occupied as their homestead a house and lot in the City of Sardis. The property was encumbered by a deed of trust in the principal amount of $19,000, dated January 11, 1972 in favor of North Mississippi Savings and Loan Association.
Appellant, Jimmy Hall, obtained a judgment against Marko Radich in the amount of $1,187.50 and the judgment was enrolled on May 2, 1975. Appellant, Cities Service Company, obtained a judgment against Ra-dich in the amount of $1,858.40 and the judgment was enrolled on October 11, 1978.
Radich and his wife borrowed $4,000 from the Panola County Bank on January 14, 1979 and Radich executed a deed of trust in favor of the Bank on that date. Mrs. Ra-dich signed the deed of trust on September 20, 1979 and it was filed for record on that date. The deed of trust contained the following provision:
It is further stipulated, that in case of foreclosure of this deed of trust, the proceeds derived from the sale of the property herein described after payment of costs, expense of foreclosure, taxes and other expenditures made for protection of the security, shall be applied proratably in satisfaction of the principal indebtedness evidenced by the notes described herein, and any balance remaining may be applied to any indebtedness existing in favor of said PANOLA COUNTY BANK, which may be otherwise secured, or may be unsecured.
At the time the deed of trust was executed in favor of Panola County Bank, Ra-dich was indebted to the Bank in the approximate amount of $100,000. The Bank foreclosed its deed of trust, and at the trustee’s sale, the Bank submitted a successful bid of $25,000 which was applied to the indebtedness owed by Radich to the Bank. Following the foreclosure sale, the Bank made payments on the first mortgage in favor of North Mississippi Savings and Loan Association.
*240 At the time appellants enrolled [1] their judgments the amount of the homestead exemption was $15,000. Section 85-3-21 Mississippi Code Annotated (1972). The amount of the homestead exemption was increased to $30,000 effective July 1, 1979 by Chapter 447 Mississippi General Laws of 1979. In Builders Supply Co. of Hattiesburg v. Pine Belt Savings and Loan Assn., 369 So.2d 743 (Miss.1979) we held that the rights of a judgment creditor become fixed when he obtains his judgment, and the legislature cannot increase the homestead exemption as to existing debts. We therefore hold that the $15,000 homestead exemption applies in this case.
Appellants contend they are entitled to satisfy their judgment liens out of the proceeds of the sale under the Bank’s deed of trust in excess of the $15,000 exemption. The property sold for $25,000 at the foreclosure sale leaving a surplus of $10,000 above the $15,000 homestead exemption. Section 85-3-21 Mississippi Code Annotated (1972) which fixes the value of a homestead provides in part:
[Hjowever, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings.
This statute was construed in Davis v. Lammons, 246 Miss. 624, 151 So.2d 907 (1963) at a time when the homestead exemption was $5,000. For several years pri- or to 1961 the Lammons owned and occupied as a homestead a house and lot. In 1961 two parties obtained judgments against the Lammons and on October 6, 1961 the Lammons sold their homestead property for $10,500. After deducting the balance due on a note and deed of trust, bills of materialmen and laborers for repairs to the house before the sale, and other expenses connected with the sale, a balance of $3,485.05 remained. The Court held the Lammons were entitled to the $3,485.05 under section 85-3-49 Mississippi Code Annotated (1972)[2] which provides that exempt property disposed of by the owner does not become liable for the debts of the owner because of such disposal. The Court held that the statutes recognized the exempt status of the proceeds of the sale of the homestead property within the $5,000 exemption.
Applying Davis, supra, to the facts in this case, the Radichs were entitled to homestead exemption for $15,000 over and above the deed of trust to North Mississippi Savings and Loan Assn, when appellants obtained their judgments. The same situation existed when the Radichs executed a deed of trust to the Bank on September 20, 1979. The fact that appellants had enrolled judgments before that date did not preclude the Bank from taking a second deed of trust on the homestead to secure any indebtedness covered by the deed of trust.
However, the Bank had constructive notice of the enrolled judgments and had actual notice of one of the judgments. Under these facts the Bank’s deed of trust is entitled to priority against the appellants as judgment creditors up to $15,000, the amount of the homestead exemption. The enrolled judgments were a prior lien to the Bank’s deed of trust; therefore, as between the Bank and the judgment creditors, the Bank’s security under its deed of trust does not exceed the amount of the homestead exemption, $15,000.
When the Bank foreclosed on its second deed of trust and bid $25,000 for the property, it bought the property subject to the first deed of trust. From this we conclude that the value of the property purchased by the Bank was at least $25,000 plus the balance due on the first deed of trust.
We reverse and remand with directions to the Chancery Court to appoint a commissioner to sell the property to satisfy appel *241 lants’ judgment liens. The commissioner shall sell the property subject to the first deed of trust of North Mississippi Savings and Loan Association, and disburse the proceeds as follows: (1) the expenses of the sale, (2) $15,000 to the Bank, (3) the amount of appellants’ judgments plus accrued interest to appellants, and (4) any excess to be applied on the debt of the Radichs to the Bank. After payment of the four items, if any excess remains, the balance shall be paid to the Radichs. In order to save the expenses of sale, the Bank is given the option of paying appellants an amount equal to the judgments plus accrued interest within 30 days of the issuance of a mandate from this Court; otherwise, a sale shall be held as herein ordered.
The Bank has expressed some concern about the effect on the financial community if lenders are unable to take a second deed of trust on homestead property to secure an indebtedness. Its concern is groundless because a second deed of trust on homestead property executed by both husband and wife secures the indebtedness covered by it except for valid liens antedating the second deed of trust.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C. J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.

. Judgments do not constitute a lien until enrolled. Johnson v. Cole Mfg. Co., 144 Miss. 482, 110 So. 428 (1926); De Bardeleben Coal Corp. v. Parker, 164 Miss. 728, 144 So. 474, 145 So. 341 (1932).

. Section 329 Mississippi Code 1942.