Julian H. **THOMPSON** and Myra H. Thompson, Bankrupts, Julian H. Thompson and Myra H. Thompson, et al., Plaintiffs-Appellants,

v.

Abner R. POWELL, III, Trustee, Defendant-Appellee.

No. 27287

Summary Calendar.

United States Court of Appeals Fifth Circuit.

July 8, 1969.

George B. Azar, Harry H. Perdue, Jr., Montgomery, Ala., for plaintiffs-appellants.

Abner R. Powell, III, Trustee, Andalusia, Ala., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify

the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I (1969).

On April 23, 1968, the bankrupts filed schedules of exempt property in which it was stated, inter alia, "Bankrupt claims as exempt $800.00 in cash out of the sale of a F–100 12 ton pick-up truck, 6 cylinder." On July 1, 1968, the Referee in Bankruptcy appointed a Trustee to sell the truck, admittedly owned by the bankrupt, and to apply the proceeds to claims against the estate. A Turnover Petition was filed by the Trustee on August 2, 1968. On August 14, 1968, the bankrupts, claiming that they had understood that the truck had been declared exempt after the first meeting of creditors, moved to amend their schedules to claim the truck as exempt property. The Referee denied the motions as untimely and stated that it did not appear that the bankrupts intended "at the date of the bankruptcy or at the first meeting to claim the truck as exempt property. The Referee cannot set aside as exempt, property not claimed as exempt." The District Court affirmed the Referee on a Petition for Review.

On November 8, 1968, after the sale of the truck for cash, the Trustee filed his Report of Exempt Property in which it was stated that the bankrupts were not entitled to the money as exempt property. Subsequently the Referee overruled the bankrupts' objection to the Trustee's report, concluding "That there was not in the estate at the date of the bankruptcy the sum of $800.00 available to be set aside as an exemption in this case and therefore such sum cannot now be set aside to the bankrupt." The District Court again affirmed the Referee on a Petition for Review. The result is that the bankrupts were denied the right to claim as exempt either the cash proceeds from the sale of the truck or to claim the truck itself.

The Referee contends that amendments concerning exempt property should be permitted only where the change can be made without unduly complicating the administration in bankruptcy, and had the amendment in this case been filed before the appointment of the Trustee there would have been no complications. But, he argues, if the amendment had been allowed after the appointment of the Trustee, there would have been no assets with which to pay administration expenses which were incurred before the motion to amend was filed.

■ We agree that the Referee has discretion to refuse an amendment that would unduly complicate the administration in bankruptcy, but this is not such a case. The bankrupts represent to us that at the hearing on the motion to amend they offered to reimburse the estate for expenses incurred by the Trustee. Bankruptcy General Order 11 specifically authorizes amendments to schedules, and they should be liberally allowed when required in the interest of justice. "No bankrupt should be deprived of his exemptions by a narrow and strict interpretation of laws which were passed for his benefit and prompted by a wise and humane public policy." In re Fowler, 1940, D.C.Pa., 35 F.Supp. 9, 10.

■ The exemption claims were not a matter of surprise to the Referee and were not omitted from the schedules in bad faith. On the contrary, they were discussed at some length at the first meeting of creditors. In any event, the Referee could and should have entered an order permitting the amendment on the condition that the bankrupts reimburse the Trustee for his out of pocket and administrative expenses. 2 Remington on Bankruptcy, § 578 (Henderson ed. 1956). An amendment on such terms would have been in the interest of justice here.

We reverse with directions to permit the bankrupts to amend their original schedule to specify the F–100 ½ ton pick-up truck, 6 cylinder, as exempt property, on the condition that out of the proceeds of the sale of the truck received by the Trustee he be paid his out of pocket and administrative ex-

penses, the balance to be set aside to the bankrupts as the proceeds of their exempt property.

Reversed with directions.