In re Earl Lee TERRELL, Debtor.

Lois HOLLAND and J. Richard Horvath, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN OF ALLEN PARISH; Bureau of Credit Control of Alexandria, Inc.; Wholesale Supply, Inc.; Ashy Enterprises, Inc.; Port Barry Lumber Industries, Inc.; Southern Pipe and Supply Co., Inc.; George H. Lehleitner and Co., Inc.; L.D. Brinkman and Co., Inc.; United States of America, Department of Treasury, Defendants.

Bankruptcy No. 480–00579–LC.
Adv. No. 482–0142.

United States Bankruptcy Court,
W.D. Louisiana.

Feb. 9, 1983.

Ronald J. Bertrand, Lake Charles, La., for plaintiff Lois Holland.

Perrell Fuselier, Oakdale, La., for plaintiff Richard Horvath.

Leven H. Harris, Asst. U.S. Atty., Shreveport, La., Steven Gremminger, Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S. of America, Dept. of Treasury.

*Findings of Fact and Conclusions of Law*

RODNEY BERNARD, Jr., Bankruptcy Judge.

A hearing was held December 9, 1982 on the Joint Application of Trustee and Secured Creditor to Sell Collateral and Complaint Against All Inferior Lienholders pursuant to Section 363(f) of the Bankruptcy Code. The proposed sale involves property which is part of the estate of the above-captioned Chapter 7 debtor. The United States is the only defendant that filed an answer to the complaint.

The United States' position concerning the proposed sale of collateral free and clear of interests is that it has no objection to the sale as proposed, provided: (1) that the federal tax lien is transferred to the proceeds of sale in its lawful order; (2) that the federal tax lien is discharged from this particular property only, rather than being cancelled in its entirety; and (3) that the court's order authorizing sale reserves in favor of the United States a right of redemption pursuant to 28 U.S.C. § 2410(c).

Plaintiffs have no objection to the United States' first two of the above-listed conditions to the proposed sale. They do, however, oppose the United States' request for a reservation of right to redeem.

■ Based on well-settled rules of law, the court agrees with the United States' contention and concludes that, upon sale of the collateral free and clear of interests, the federal tax lien should be transferred to the proceeds of sale in its lawful order. The court further agrees and concludes that the federal tax lien should be discharged from this particular property only, rather than being cancelled in its entirety.

On the other hand, this court is of the opinion that a right to redeem the sale should not be reserved in favor of the United States. This determination is based upon the court's discretion under the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". 11 U.S.C. § 105(a).

■ The court has come to this conclusion as a matter of policy after considering a number of factors. First, the price to be paid by the proposed purchaser is equal to the appraised value of the property plus filing fees and court costs. Thus, this is not a situation in which the purchaser will be receiving a windfall. Second, the trustee has attempted to sell the property more advantageously but without success. Finally, the trustee gave notice to the United States and others of the proposed sale and opportunity to submit a higher bid. No higher bids were submitted.

If this court were to authorize the sale of this property but subject it to a right of the United States to redeem pursuant to 28 U.S.C. § 2410(c), the sound administration of the bankruptcy estate would be prejudiced. A trustee's duties with regard to a case under Chapter 7 are enumerated in Section 704 of the Bankruptcy Code. 11 U.S.C. § 704. One of these duties is to "collect and reduce to money the property of the estate ... and close up such estate as *expeditiously* as is compatible with the

*best interests of parties in interest*". 11 U.S.C. § 704(1) (emphasis supplied).

■ As a representative of the creditors of a bankruptcy estate, a trustee is under a duty to liquidate property of the estate expeditiously but at the highest price that can be obtained. Any cloud on title diminishes the value of property. If a trustee is unable to deliver title free and clear of all interests when liquidating property of the estate, many difficulties and delays in finding a purchaser willing to pay a fair price for property of a bankruptcy estate will result. This certainly must have been a prime consideration in the promulgation of Rule 805 of the Rules of Bankruptcy Procedure which reads, in part, as follows:

> Unless an order approving a sale of property . . . . . . is stayed pending appeal, the sale to a good faith purchaser . . . . . . shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser . . . . knows of the pendency of the appeal.

As the above discussion indicates, a conflict between two federal statutes arises when a reservation of the right to redeem under 28 U.S.C. § 2410(c) is sought pursuant to a sale free and clear of all liens under Section 363(f) of the Bankruptcy Code. Since the United States received notice of the proposed sale and opportunity to submit a higher bid for the property, this conflict should be resolved in favor of the plaintiffs. As a matter of policy, the Bankruptcy Code and its purposes should control in this dispute. This court shall issue a judgment authorizing the sale of property free and clear of *all* interests, including the United States' right to redeem. Such a judgment is necessary and appropriate to carry out the provisions of this title.