### In the Matter of Clyde E. WILLIAMSON d/b/a Triangle 44 Farms.

**Bankruptcy No. 8300436WC.**

United States Bankruptcy Court, S.D. Mississippi, W.D.

Feb. 6, 1985.

John R. Kingsafer, Natchez, Miss., for Clyde E. Williamson.

Stratton Bull, Jr., John T. Green, Natchez, Miss., for Glen A. Stinson, Mary Kathryn Ellis Stinson and Glen Ellis Stinson.

## ORDER

BARNEY E. EATON, III, Bankruptcy Judge.

WHEREFORE, the debtor having presented by motion to this court a request that this court hold as exempt under Section 85–3–21, Miss.Code (1972), as amended, the sum of $30,000.00 of the proceeds from the sale of Courtland Plantation, and this court having considered all facts as stipulated by both parties and read into the record, said proceeds are found to be exempt.

Upon reviewing the Stipulation of Facts By and Between the Debtor, and Glen A. Stinson, Mary Kathryn Ellis Stinson and Glen Ellis Stinson, and same being read into the record by attorneys Dick Kingsafer and Stratton Bull, the court makes the following findings of fact, to-wit:

1. Clyde E. Williamson (the "Debtor") filed his Chapter 11 bankruptcy petition on March 1, 1983, as debtor-in-possession.

2. In April, 1978, Clyde E. Williamson (the "Debtor") moved a mobile home onto Courtland Plantation, owned by Barnett Serio, Sr. and located in Sections 27, 28, 29 and 37, Township 5 North, Range 1 West, Adams County, Mississippi, said plantation containing eight hundred fifty-four (854) acres, more or less.

3. On October 26, 1978, the Debtor entered into a Contract of Sale with S. Barnett Serio, Sr. for the purchase of the said Courtland Plantation. This was an executory contract which provided for annual cash payments to Mr. Serio and annual installment payments to Federal Land Bank on an existing deed of trust which encumbered the property. The contract was subject to an Agricultural Lease dated April 28, 1978, by and between Mr. Serio and the Debtor. Debtor made payments under the terms of the Contract of Sale prior to his petition herein in an aggregate sum in excess of $250,000.00.

4. The Contract of Sale between Mr. Serio and the Debtor was in full force and effect and not terminated at the time the Debtor filed his petition in bankruptcy. The Debtor had defaulted in the payment of the January 1, 1983 payment. The Contract provided that any payment due thereunder which became and remained in default for a period of more than sixty (60) days would automatically cause the Contract to be terminated. The Debtor filed his voluntary petition prior to the expiration of the sixty (60) day period and prior to the termination of the Contract, which termination was stayed.

5. The Contract of Sale between Mr. Serio and the Debtor does not expressly prohibit assignment of the contract by the Debtor, however, does expressly provide as Page 5 the following:

> "All of the terms and conditions of this Contract of Sale, and this Contract in its entirety, shall inure to the benefit of, and be binding upon Purchaser and Seller, their respective heirs, executors, administrators, successors and assigns."

The Contract of Sale is subject to approval by the Federal Land Bank of New Orleans, in writing, according to the terms and provisions of the Deed of Trust from the seller, dated September 23, 1977, and properly recorded.

6. The Debtor was in continuous possession of Courtland Planation from October 26, 1978, until the filing of his bankruptcy petition herein on March 1, 1983, and thereafter, until its sale in April, 1984, under the terms and conditions of said Con-

tract of Sale, and has occupied his mobile home thereon with his family as their sole and only place of residence at all times pertinent to this litigation.

7. The mobile home which the Debtor and his family have occupied as their residence since April of 1978 is a 14' × 52' Hyton three axle mobile home. Since the time it was moved onto Courtland Plantation and continuously since that time, it has been on concrete blocks, tied down with metal straps and ground anchors, with the tires and wheels still attached to the axles. The mobile home is supplied water by a water well drilled on Courtland Plantation by the Debtor in 1978 and is attached to a septic tank and field filter system. The mobile home is serviced with electricity from Southwest Electric Power Association with its main office in Lorman, Mississippi.

8. On March 22, 1982, Cloverleaf Cooperative (AAL) obtained a judgment against the Debtor in Adams County Circuit Court Cause No. 5058 in the amount of $49,-922.10, plus interest, attorneys' fees and costs. This judgment was enrolled March 23, 1982, in Judgment Roll Book M, page 192 in the Adams County Circuit Clerk's Office.

9. On April 21, 1982, Glen Ellis Stinson, Mary Kathryn Ellis Stinston and Glen A. Stinson filed their complaint against the Debtor in the Chancery Court of Adams County, Mississippi in Cause Number 30,-950. On September 28, 1982, the complainants and the Debtor entered into a letter agreement. On October 5, 1982, an agreed Final Decree was entered awarding a judgment in favor of the complainants against the Debtor in the principal amount of Thirty-three Thousand Five Hundred Dollars ($33,500.00) plus costs and post-judgment interest. This Final Decree was enrolled October 5, 1982, in Judgment Roll Book N at page 223 in the Circuit Clerk's Office of Adams County, Mississippi.

10. The Debtor filed his bankruptcy petition in this matter on March 1, 1983, and thereafter filed his Statement of Affairs and Schedules claiming the Federal Exemptions and not claiming any homestead exemption.

11. On March 29, 1984, this Court entered its Order Authorizing Debtor to Assume Executory Contract and Confirming Sale. Pursuant to this Order, Mr. Serio conveyed the subject Courtland Plantation to the Debtor by Warranty Deed dated April 13, 1984, filed for record in the Office of the Chancery Clerk of Adams County, Mississippi, April 13, 1984, and recorded therein in Deed Book 16–H at page 335. Thereafter, the Debtor and his wife executed a Warranty Deed to H.P. Brooks, Jr. conveying Courtland Plantation which deed is dated April 13, 1984, and filed in said records on April 13, 1984, recorded in Deed Book 16–H at page 339. The Debtor and his family presently reside on Courtland Plantation at the same location in the same mobile pursuant to a reservation in the deed of conveyance from the Debtor and his wife to H.P. Brooks, Jr. of a two-acre tract for a period of one (1) year and the Debtor is presently farming Courtland Plantation with H.P. Brooks, Jr. The sale of Courtland Plantation to H.P. Brooks, Jr. netted for the benefit of the bankruptcy estate the sum of Sixty-one Thousand Nine Hundred Fifty-five Dollars Ninety-nine Cents ($61,955.99).

12. On June 1, 1984, the Debtor filed his Notice of Filing Amendments in this bankruptcy and therein changed the property claimed as exempt on Schedule B–4 to the exemptions permitted under the laws of the State of Mississippi and claimed a homestead exemption in the amount of Thirty Thousand Dollars ($30,000.00).

13. On June 1, 1984, the Debtor filed two Motions to Avoid Lien Impairing Debtor's Exemptions, one as to the Cloverleaf Cooperative judgment lien, and one as to the Stinsons' judgment lien.

14. On or about June 28, 1984, the Stinsons filed their Objection to Filing Amendment and their Answer to Motion to Avoid Lien Impairing Debtor's Exemption. Cloverleaf Cooperative has never filed an objection nor answer to the Amendments or to the Motion to Avoid.

15. The hearing on both of Debtor's Motion to Avoid Liens and on the Stinsons' Objection to Filing Amendments and Answer to Motion to Avoid Lien was set for August 14, 1984, at 9:30 o'clock a.m. The Stinsons and Debtor appeared through counsel, however, Cloverleaf Cooperative made no appearance.

16. At the time the Debtor filed his Petition on March 1, 1983, he was a resident citizen of Adams County, Mississippi, residing therein on Courtland Plantation with his wife and son in their mobile home. Debtor had also been a registered voter in Adams County, Mississippi since October 5, 1978.

This Court makes the following Conclusions of Law, to-wit:

Citing *Negin v. Salomon*, 151 F.2d 112, 116 A.L.R. 1005 (2nd Cir.1945), 9 Am.Jur.2d § 655 states that "the rule is that a transfer of property by the bankrupt, prior to bankruptcy, which is not invalid or voidable in bankruptcy as a fraudulent conveyance or an unlawful preferential transfer even though the transfer is ineffective for some other reason, does not constitute a surrender or waiver of the right to claim an exemption in such property in bankruptcy, in the absence of a rule of state law to the effect that an exemption is surrendered by a transfer of the property." In other words, absent state law to the contrary, a bankrupt can claim the proceeds of the sale of the homestead as exempt. The applicable state law in Mississippi is § 85-3-21 of Miss.Code Annotated 1972 which merely limits the amount to $30,000.00 for the homestead exemption.

9 Am.Jur.2d § 655 further states that an agreement by a bankrupt prior to bankruptcy to sell his homestead is not effective to deprive the bankrupt of his homestead exemption. Am.Jur. cites *In Re Chakos*, 24 F.2d 482 (7th Cir.1928), in support of the proposition that the bankrupt's executory contract to sell his homestead which was made prior to his declaring bankruptcy, did not effect his right to his homestead exemption. However, Wisconsin law, which was determinative in this case, established a limit of $5,000 on the proceeds of homestead property sales. Therefore, Mr. Chakos was allowed to claim as exempt $5,000 from the sale of his home.

In the case at bar, the homestead was sold for some $61,000.00. The first $30,-000.00 is rightfully claimed as exempt proceeds from the sale of the homestead. State case law is quite clear on this point. In *Davis v. Lammons*, 246 Miss. 624, 151 So.2d 907 (1963), a judgment creditor issued a writ of garnishment against a homestead owner. The Supreme Court said in this case that under the statute, the proceeds of a voluntary sale of a homestead are exempt under all circumstances, regardless of the vendor's continuing to be a householder, or his acquiring another homestead, or the intent with which he keeps the proceeds.

Having found that the debtor in this case meets the most stringent requirements of a homestead claim in having title, actually occupying the property and having citizenship status at the place of homestead, a right to a homestead exemption claim is established. The creditors claim to the proceeds are burdened with and subject to this homestead exemption claim.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the motion of the debtor, Clyde E. Williamson d/b/a Triangle 44 Farms, is well taken and he is hereby granted an exemption of the proceeds of the sale of the homestead in the amount of $30,000.00 pursuant to 11 U.S.C. § 522(b) and the laws of the State of Mississippi.