**In re Anthony F. SAJKOWSKI, Debtor.**

**Bankruptcy No. 8300420.**

United States Bankruptcy Court, D. Rhode Island.

April 12, 1985.

38

Kenneth M. Beaver, Providence, R.I., for F.D. McKendall Lumber Co.

William F. Hague, Jr., Dick & Hague, Ltd., Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

Louis A. Geremia, Esq. Quinn, Cuzzone & Geremia, Providence, R.I., for debtor.

Avram N. Cohen, Providence, R.I., Trustee.

## DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtor's motion to avoid twelve judicial liens against his home, pursuant to 11 U.S.C. § 522(f)(1), which provides that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption...." Two objecting creditor-lienholders, F.D. McKendall Lumber Co. and Rhode Island Hospital Trust National Bank, contend that their liens do not impair any exemption to which the debtor would have been entitled, and therefore should not be avoided. The issues are: (1) whether the 11 U.S.C. §§ 522(b)(1) and (d)(1) exemption applies to the proceeds from the sale of a debtor's residence, and (2) whether, under 11 U.S.C. § 522(f)(1), a debtor may avoid judicial liens totalling in excess of $7,500.

The relevant facts, briefly stated, are as follows:[1] On June 9, 1983, Anthony Sajkowski filed a Chapter 7 petition, and

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

claimed a $7,500 exemption in his residence. On May 14, 1984, in accordance with 11 U.S.C. § 363(f), and with the consent of Sajkowski's non-debtor spouse, the trustee filed a Notice of Intended Sale, proposing to sell the Sajkowskis' house which they owned as tenants by the entirety. Pursuant to this notice, which provided in paragraph 4 that "[s]ale will be free and clear of liens and encumbrances of record," an order was entered on June 14, 1984 authorizing the trustee to sell the property. On June 18, 1984, the property was sold for $75,000. The deed was executed by the debtor, his wife, Barbara, and the trustee. After payment of the mortgage and non-avoidable encumbrances, the trustee still holds $15,638, one half of which belongs to Barbara Sajkowski. The remaining half ($7,819) is property of the estate.

On June 21, 1984, three days after the sale, the debtor filed the instant motion to dissolve twelve judicial liens which he claims impair an exemption to which he is entitled under 11 U.S.C. § 522(b) and (d)(1), specifically, "$7,500 in value, in real property or personal property that the debtor uses as a residence...."

McKendall Lumber Co. has a lien based on a January 29, 1980 execution in the amount of $11,771. The Rhode Island Hospital Trust lien is fixed as of January 10, 1980 in the amount of $4,906. The objectors argue: (1) that under § 522(d)(1), the debtor's exemption applies only to an interest in property used as a residence, and not to proceeds from the sale of such property; or alternatively (2) that if the debtor may exempt the proceeds in question, the total amount of judicial liens subject to § 522(f)(1) avoidance is limited to $7,500.

Additionally, McKendall Lumber argues that we lack the authority to authorize the sale in the first place, because "real estate held as tenants by the entirety is not an asset subject to the order of sale by the Bankruptcy Court." McKendall Lumber Memorandum at 6. Even if we were inclined to consider such an argument, which is raised here for the first time, long after the expiration of the time allowed for objections to the trustee's Notice of Intended Sale, we would find it a moot point, under the circumstances. Since the debtor's wife consented to and joined in the conveyance, the issue of our power to authorize the sale of property held as tenants by the entirety need not be considered here.[2]

 As for the two arguments which are properly before us, neither has support in case law or under the Bankruptcy Code. The objectors' first contention, that the exemption does not apply to the sale proceeds of the residence, is clearly without merit. Regardless of the fact that the debtor's residence was liquidated and reduced to cash prior to the filing of the motion to avoid liens, he still retains a sufficient equitable interest in the proceeds to qualify for the § 522(d)(1) exemption. *See 3 Collier on Bankruptcy* ¶ 522.10 at 522–47 (15th ed. 1985). *See also, Tarrant v. Spenard Builders Supply, Inc. (In re Tarrant),* 19 B.R. 360, 9 B.C.D. 413 (Bankr.D. Alaska 1982). It is well settled that the filing of the bankruptcy petition constitutes the "line of cleavage" at which exemptions are determined. *See White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924), *cited in In re Tarrant, supra,* 19 B.R. 360, 9 B.C.D., at 415. *See also, In re Myers,* 17 B.R. 410 (Bankr.E.D.Cal. 1982). That the debtor resided, and was entitled to an exemption in the subject property on the date of filing is dispositive. Since under § 522(d)(1), it is the *value* of the debtor's *equity* in the residence, as opposed to the physical structure, which may be claimed as exempt, *see In re Tarrant, supra,* the proceeds of a subsequent sale are protected by § 522(f)(1), which per-

---

**2.** With respect to lienholders whose rights have been affected by the trustee's sale, it has long been recognized that the bankruptcy court may authorize the sale of property free of liens, with the liens attaching to the proceeds, without the consent of the lienholder. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 345 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. *See also Holland v. First Federal Savings and Loan of Allen Parish (In re Terrell),* 27 B.R. 130, 8 C.B. C.2d 1329 (Bankr.W.D.La.1983).

mits a debtor to avoid any judicial lien "to the extent that the property could have been exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 6318. The Congressional intent to provide debtors with a fresh start could not be any clearer, and we reject the contention that "the Debtor has no present interest in the real estate on which the bank has a judicial lien because the real estate was transferred by him on June 18, 1984 [three days prior to the motion to void liens]." Rhode Island Hospital Trust's Memorandum at 1.

■ The remaining issue concerns the procedure for avoiding liens that do impair an exemption. Rhode Island Hospital Trust contends that if the liens # 6 through 12, which total $5,729 (*see* text, *infra* p. 41) are avoided, as well as $2,220 of lien # 5 (McKendall's), then the debtor's $7,500 exemption should be exhausted, leaving the Bank's lien # 4 "beyond the Debtor's statutory exemption." Rhode Island Hospital Trust's Memorandum at 2. This argument, also asserted by McKendall Lumber, ignores the clear language of § 522(f) which allows the debtor to avoid *any* judicial lien that impairs an exemption. *See* H.R.Rep.,

*supra*, at 126. We hold, therefore, that where the equity does not exceed the $7,500 exemption, a debtor may avoid *all* constitutionally avoidable judicial liens, regardless of the total amount, to the extent that any lien remaining on the property would reduce the amount available for exemption. *See In re Danella*, 42 B.R. 268 (Bankr.D.R.I.1984).

■ In this case, after payment of the amount owed to Barbara Sajkowski, there is $7,819 remaining. In determining which liens impair the debtor's exemption, the following procedure should be followed: (1) list liens in order of priority; (2) subtract the amount of the claimed exemption from the proceeds; (3) from that amount, subtract each lien, in order, beginning with the most senior. *See In re Duncan*, 43 B.R. 833, 11 C.B.C.2d 677 (Bankr.D.Alaska 1984). To the extent that any portion of a judicial lien exceeds the remainder from step two, it is voidable because it impairs the exemption.

Applying the above formula, it is clear that McKendall Lumber's and Rhode Island Hospital Trust's liens 4 and 5, may be avoided in full:

Step 1. Liens, in order of their priority:

| | | | Amount of Claim | |
|---|---|---|---|---|
| 1. | Richard G. Brown, Inc.<br>Attachment 7/24/79<br>Execution 3/21/80 | | Amount of Claim | $ 3,208.80 |
| 2. | Ralph Maggiacomo<br>Attachment 12/19/79 | | " " | $10,000.00 |
| 3. | Evans Products Co.<br>Execution 1/17/80 | | " " | $ 3,067.26 |
| 4. | R.I. Hospital Trust National Bank<br>Execution 1/10/80 | | " " | $ 4,906.24 |
| 5. | F.D. McKendall Lumber Co.<br>Execution 1/29/80 | | " " | $11,771.69 |
| 6. | Trinity Supply Co.<br>Execution 2/22/80 | | " " | $ 1,138.30 |
| 7. | James C. Goff Co.<br>Execution | | " " | $ 753.42 |
| 8. | Bennedetto Piccilino<br>Execution 4/4/80 | | " " | $ 547.50 |
| 9. | Jeffrey & Cynthia Fletcher<br>Execution 4/10/80 | | " " | $ 1,013.00 |
| 10. | Century Truss & Components, Inc.<br>Execution 6/5/81 | | " " | $ 1,177.65 |
| 11. | Nolan & Dailey<br>Execution 9/22/81 | | " " | $ 343.00 |

Step 1—Cont'd

12. Vincent Palumbo
Execution 5/4/83 Amount of Claim $ 306.66

Debtor's Exhibit "A".

Step 2.

| $7,819 | proceeds from sale, |
| −7,500 | less: § 522(d)(1) exemption |
| $ 319 | |

Step 3.

| $ 319 | remainder from Step 2 |
| −3,208 | less: first lien from Step 1 |
| ($2,889) | (Richard G. Brown Inc.) |

The Richard G. Brown Inc. lien # 1 exceeds the remainder by $2,889 and is therefore avoided to that extent. Likewise, all liens junior to the Richard G. Brown, Inc. lien, including those held by the objecting lienholders, are voidable in full because they impair the debtor's $7,500 exemption.

Accordingly, we grant the debtor's motion to avoid liens # 12 through 12 in full. Lien # 1 is avoided to the extent of $2,889, but remains as a lien on the proceeds in the amount of $319.

Enter judgment accordingly.