E. GRADY JOLLY, Circuit Judge:
This case presents us with the question whether a bankrupt should be permitted, after claiming federal exemptions in his original bankruptcy petition, to amend his classifications so as to claim a state homestead exemption. We hold that such amendment ought to have been allowed, and we therefore reverse the district court. We further hold that the homestead exemption should be determined as of the date the debtor initially filed his chapter 11 reorganization petition in bankruptcy, not as of the date that he converted it into a chapter 7 liquidation petition. Because, however, the district court did not decide whether Williamson was in fact entitled to a homestead exemption under state law, or the extent to which his exemption (in the event that he was entitled to it) might be impaired by the relevant judgment liens, we remand this case to the district court.
I
In April 1978, Clyde Williamson moved a mobile home onto Courtland Plantation, owned by Barnett Serio, in Adams County, Mississippi. In October 1978, Williamson entered into a contract of sale with Serio for the purchase of the Courtland Plantation. This was an executory contract which provided for annual cash payments to Serio and annual installment payments to the Federal Land Bank on an existing deed of trust which encumbered the property. Before filing his petition in bankruptcy, Williamson paid more than $250,000 under the terms of the contract of sale. Williamson was in continuous possession of Courtland Plantation from October 1978 until its sale in April 1984, and has lived there with his family at all times pertinent to this litigation.
In March 1982, Cloverleaf Cooperative obtained a judgment against Williamson in state court in the amount of $49,922.10. The following month, Glen Ellis Stinson, Mary Kathryn Ellis Stinson, and Glen A. Stinson filed a complaint against Williamson in state court. The Stinsons and Williamson entered into a letter agreement, and in October 1982, a final decree was entered in favor of the Stinsons for $33,-500.
Williamson filed a voluntary chapter 11 bankruptcy petition in this matter on March 1, 1983. He claimed the federal exemptions under 11 U.S.C. § 522(b) and did not claim any state law homestead exemption. On March 29,1984, the bankruptcy court entered an order authorizing Williamson to assume the executory contract of sale for the 854 acres. Pursuant to this order, Serio conveyed 854 acres of the Courtland Plantation to Williamson under a warranty deed executed on April 13, 1984. Williamson conveyed 852 acres to a third party, H.P. Brooks, the same day. At the time of the bankruptcy court’s decisión, the Williamsons still lived on Courtland Plantation in the same mobile home pursuant to a reservation for themselves in the deed to Brooks of a two-acre tract upon which their mobile home was located. The sale to *1357 Brooks netted $61,955.99 for the benefit of the bankruptcy estate.
On June 1, 1984, Williamson filed an amendment to the classification of property, claiming a homestead exemption under state law in the amount of $30,000. This homestead exemption is permitted by Miss. Code Ann. § 85-3-21 (Supp.1985). On the same day, Williamson filed two motions to avoid the liens impairing his exemptions, as to the Cloverleaf and Stinsons’ judgment liens respectively, on the grounds that the judgment liens impaired his $30,000 exemption. Later that month, the Stinsons filed an objection to Williamson’s motion. Cloverleaf has not filed any objection or answer. A hearing on both motions was held by the bankruptcy court in August 1984. Cloverleaf made no appearance.
The bankruptcy court granted Williamson leave to amend and granted him the $30,000 exemption, 49 B.R. 675. The bankruptcy court implicitly avoided the judgment liens by holding that the creditors’ claims to the proceeds of the sale are burdened with and subject to Williamson’s homestead exemption claim. Upon appeal by the Stinsons of the bankruptcy court order, the district court, relying on In re Eldridge, 15 B.R. 594 (Bankr.S.D.N.Y. 1981), held that the bankruptcy court’s allowing Williamson to amend his exemption election from federal to state after the sale of the property was clearly erroneous. Williamson appeals the district court’s reversal of the bankruptcy court.
II
Williamson on appeal first argues that the district court erred by denying him the right to amend his exemption schedules. He contends that allowing him to amend will not prejudice the creditors, and notes that his creditors did not assert prejudice in their exceptions to the bankruptcy court’s ruling. He next contends that he is entitled under Mississippi law to a homestead exemption for the proceeds from the sale of homestead property. Williamson argues that a debtor’s exemption eligibility is to be determined as of the time of the filing of the bankruptcy petition, and that events occurring after that date, i.e., the sale of his homestead, are irrelevant to the determination of his eligibility for the exemption. Finally, Williamson contends that he is entitled to avoid his creditors’ judgment liens to the extent that they encumber his homestead exemption. For this argument he primarily relies on section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1). Williamson requests that the court adopt the method set out in In re Duncan, 43 B.R. 833 (Bankr.D.Alaska 1984), for determining when and to what extent a judicial lien impairs an exemption under section 522(f)(1).
The appellee-creditors respond by arguing that they will be prejudiced if Williamson is permitted to amend and successfully claim a state homestead exemption. According to the creditors, the district court was correct to deny Williamson leave to amend his exemption schedules because his amendment was untimely and because he waived his homestead rights by failing to claim them prior to the sale of the property. Alternatively, the creditors maintain that if Williamson is permitted to amend his schedules, then the case should be remanded for a determination of whether Williamson is in fact entitled to the homestead exemption under state law. In this connection, the creditors, citing In re IAndberg, 735 F.2d 1087 (8th Cir.1984), request us to hold that the relevant date for determining Williamson’s exemption eligibility is February 13, 1986, the date he converted his chapter 11 proceeding to a chapter 7 proceeding. Finally, the creditors contend that their lien does not impair Williamson's homestead exemption, and therefore may not be avoided by Williamson to any extent.
III
The district court assumed, without deciding, that Williamson’s property was subject to a homestead exemption. The court then went on to hold that the bankruptcy court’s allowing Williamson to change his exemption from federal to state after the sale of the property was clearly erroneous.
*1358 We disagree with the district court. First, we note that the general rule is to allow liberal amendment of exemption claims, absent bad faith, concealment of property, or prejudice to creditors.[1] The law in this circuit at least since 1969 has been to follow the general rule of liberal amendment of exemption claims. Thompson v. Powell, 413 F.2d 276, 277 (5th Cir. 1969). Thompson was decided under Bankruptcy General Order 11, the predecessor to former Rule 110 and present Rule 1009.[2] Thompson held that schedule amendments ought to be allowed “when required in the interests of justice,” when there is no surprise to the referee, and in the absence of bad faith or prejudice to the creditors. Id.
Current Rule 1009 provides, as did former Bankruptcy Rule 110, that a voluntary petition, schedule, or statement of financial affairs may be amended by the debtor as a matter of course at any time before the case is closed. The Third Circuit has held that former Rule 110 denied the courts discretion to deny leave to amend or even to require a showing of good cause. See In re Gershenbaum, 598 F.2d 779, 781-82 (3d Cir.1979). The Eleventh Circuit agreed with this interpretation of former Rule 110, adding only the caveat that a court may deny leave to amend if there is a showing of the debtor’s bad faith or of prejudice to the creditors. In re Doan, 672 F.2d 831, 833 (11th Cir.1982). The Advisory Committee Note following Rule 1009 specifically states that Rule 1009 “continues the permissive approach adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers.” We therefore find the standard envisioned by the Eleventh Circuit to be eminently reasonable, and because of the close similarity between former Rule 110 and current Rule 1009, we adopt this standard as our view of current Rule 1009.
In the case before us there is no allegation of Williamson’s bad faith, and we see no evidence of any. As for prejudice, the Stinsons contend that the amendment prejudices them because if the amendment is allowed and Williamson is deemed eligible for the state claim, then the Stinsons’ judgment will be avoided, not satisfied. This argument misconstrues the question of prejudice. It focuses on the ultimate outcome of the action rather than the harm to the creditor’s litigating posture because of some detrimental reliance on the debtor’s initial position. Prejudice to the creditor’s legal or equitable position does not occur merely because an amendment, if properly allowed, permits the debt- or to assert a claim that ultimately prevails on the merits. In re Doan, 672 F.2d at 833. Rule 1009 merely allows an amended claim to be made. The preliminary issue we address here is whether the bankruptcy court’s allowing the amendment was an abuse of that court’s discretion. We hold that it was not. It was therefore error for the district court to reverse the bankruptcy court and to disallow Williamson’s amendment.
IV
The bankruptcy court not only allowed Williamson to amend his petition to *1359 claim a state homestead exemption, but also granted Williamson an exemption of the proceeds of the sale of the homestead in the amount of $80,000, the maximum amount allowed by Mississippi state law. See Miss.Code Ann. § 85-3-21 (Supp.1985). Williamson, appealing the district court’s reversal of the amendment, urges us to reinstate the bankruptcy court’s finding of his eligibility. The Stinsons, however, point out that Williamson converted his original chapter 11 reorganization proceeding to a chapter 7 liquidation proceeding in February 1986 after he had sold the major portion of the homestead he owned. They argue that the relevant date for determining Williamson’s eligibility for the state homestead exemption is therefore February 1986, the date of conversion, and not March 1983, the date Williamson filed his original chapter 11 petition.
In support of their position, the Stinsons argue that we should adopt the approach taken in In re Lindberg, 735 F.2d 1087 (8th Cir.1984), where the Eighth Circuit held that the date of conversion from a chapter 13 to a chapter 7 proceeding controls what exemptions may be claimed. Because we find the reasoning behind that holding inappropriate here, we conclude that Williamson’s eligibility for a homestead exemption must be determined as of his original chapter 11 filing date.
We find that the language of the Bankruptcy Code controls and that language indicates that where a case is converted from chapter 11 to chapter 7, exemptions are determined as of the chapter 11 filing date. The two relevant statutory provisions are 11 U.S.C. § 348(a) and 11 U.S.C. § 522(b). Section 522(b)(2)(A) provides that individual debtors may exempt from property of the estate any property that is exempt under federal, state or local law applicable on the filing date of the petition.[3] Section 348(a) states that when a case is converted from one chapter to another, the conversion does not change the filing date of the petition.[4] Thus, to hold that the conversion date controls exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude.
The Lindberg court admitted that its decision was in considerable tension with the wording of the relevant statutory provisions,[5] but concluded that its decision was justified because of overriding considerations relating to the administration of chapter 13. When these justifications are placed in the context of chapter 11, however, they are not compelling.
A.
The court in Lindberg maintained that the chapter 13 debtor has little incentive to be diligent in claiming his exemptions at the time of filing, giving several examples to support its contention. The court pointed out that exemptions serve a very limited purpose in chapter 13 (to determine whether creditors are likely to be repaid a greater percentage of their claims under a chapter 13 plan than they would receive under a chapter 7 liquidation). In re Lindberg, su *1360 pra, 735 F.2d at 1089. The court also noted that while a debtor under chapter 7 does not remain in possession of the estate's property (since it is liquidated), a chapter 13 debtor does, especially since confirmation of the plan vests all of the property of the estate in the debtor. Id. at 1089. But this rationale applies with less force in the chapter 11 proceedings, because a chapter 11 plan, unlike a chapter 13, may well call for the sale or distribution of any or all of the estate’s nonexempt property. See 11 U.S.C. § 1123(a)(5)(D). By way of contrast, a chapter 13 proceeding maximizes debtor relief by preserving to the debtor existing assets. See Collier on Bankruptcy, vol. 5 11 1300.02. It seems that the contrast in exemption use between chapters 13 and 7 emphasized in Lindberg, is far more marked than the difference in exemption use between chapters 11 and 7, since a chapter 11 debtor will have more incentive to use his exemptions because he cannot be sure (like his chapter 13 counterpart), that he will remain in possession of estate property after the plan is confirmed.
B.
Another reason that the Lindberg court gave for following the conversion date is that under a conversion from chapter 13 to chapter 7, the property of the estate is determined as of the date of the conversion, 11 U.S.C. § 1306, and serious anomalies would result if exemption were not also determined at that time. Lindberg at 1090. This rationale is wholly inapplicable here. The same Eighth Circuit which decided Lindberg, has recently held that in a chapter 11 proceeding the property of the estate is determined on the basis of the filing date and that this is not affected by conversion to chapter 7. Koch v. Myrvold, 784 F.2d 862 (8th Cir.1986). In that case the Eighth Circuit affirmed the bankruptcy court, which distinguished Lindberg on grounds that there is no provision in chapter 11 comparable to 11 U.S.C. § 1306, which statute expands the definition of estate property to include virtually all property acquired by a chapter 13 debtor after commencement of the case but before conversion. In re Myrvold, 44 B.R. 202, 204 (Bankr.Minn. 1984). It therefore concluded that for conversions from chapter 11 to chapter 7 property of the estate is determined by using the filing date for the chapter 11 petition, not the conversion date, thereby giving effect to the statutory language.[6] Id. at 205. This is in accord with other authority. See In Matter of Rasmussen, 54 B.R. 965, 969 n. 8 (Bankr.W.D.Mo.1985), In re White, 18 B.R. 95, 96 (Bankr.D.Vt.1982). Since property of the estate in a chapter 11 proceeding is determined as of the filing date, even when there is a conversion, it would seem that the Lindberg rationale would point in the other direction here: if the point is to have the property of the estate and exemption eligibility determined from the same date, then exemption eligibility should be determined as of the chapter 11 filing date.
C.
The court in Lindberg reasoned that a debtor’s right to claim exemptions from the estate should not be impaired when converting from chapter 13 to chapter 7, since a chapter 13 proceeding is purely voluntary and may be dismissed by the debtor at anytime. 11 U.S.C. § 1307; In re Lind-berg, 735 F.2d at 1090. It is thus not important for a debtor to protect his exemptions at the initial stages of a chapter 13 proceeding. The same cannot generally be said about chapter 11 proceedings, although Williamson’s chapter 11 petition and conversion motion were both voluntary. Chapter 11 petitions may be involuntary. See 11 U.S.C. § 303. Also, once brought voluntarily by a debtor, a chapter 11 proceeding may not be dismissed upon his motion alone, but requires a “for cause” finding by the court. See 11 U.S.C. 1112(b). Thus, again, the chapter 11 debt- or’s incentive to protect his exemptions upon the filing of his petition is greater *1361 than that of his chapter 13 counterpart. So it would seem that the voluntariness rationale of Lindberg does not apply with the same force in the chapter 11 context.
D.
The inference that the Lindberg court drew from Rule 1019(1),[7] (which relates to filing schedules when there is a conversion) seems to apply with equal force in the chapter 11 context because Rule 1019 governs conversions from both chapter 13 and chapter 11 to chapter 7. The court in Lind-berg noted that the Advisory Note to Rule 1019(1) explains that if the debtor in a converted case has not previously prepared a schedule of assets, he must do so as if a chapter 7 petition had been filed on the date of conversion. The court in Lindberg read this as strongly suggesting that the conversion date governs exemption eligibility. Lindberg at 1091. But this is not a necessary conclusion. The court in In Re Lepper, 58 B.R. 896 (Bankr.D.Md.1986), gave an alternative interpretation: “This court disagrees with the suggestion and instead believes that the rule for a debtor who has not filed schedules, etc., is designed only to trigger the time limits imposed under 1007(a)(2) and (c). Obviously, the 15-day clock could not start running from the date of filing in a converted case, therefore the rule provides that the clock start running from the date of entry of the order converting.” Id. at 902.[8] Rule 1019(1) may thus be understood as using the conversion date to supply a convenient benchmark for calculating time limits under Rule 1007, and nothing more.
E.
Thus the court in Lindberg found that the statutory language in Sections 522(b) and 348(a) was offset by the considerations of administration and policy under chapter 13, which we have just enumerated. Because the offsetting considerations are both fewer and weaker in the context of chapter 11, we conclude that the language of the statute controls and that exemption eligibility is determined as of the original chapter 11 filing date.[9] In so doing, we are *1362 not saying that In re Lindberg is wrong; we merely hold that it is inapplicable to conversions from chapter 11 to chapter 7. We do not decide whether we would apply In re Lindberg in the chapter 13 context; thus, our decision does not create a conflict among the circuits.
V
There remain two issues before us: (1) whether, under the facts that have developed, Williamson is entitled to claim a homestead exemption under state law, and (2) the extent to which Williamson, if he is entitled to the exemption, may avoid the judgment liens held by Cloverleaf and the Stinsons. The district court did not address the first issue, and neither the district court nor the bankruptcy court addressed the second.
Because of the fact-specific nature of these issues, we remand them to the district court for further proceedings consistent with this opinion.[10]
VI
The district court is thus REVERSED and the cause is REMANDED for further proceedings in accordance with this opinion.
REVERSED and REMANDED.

. The case relied on by the district court, In re Eldridge, 15 B.R. 594 (Bankr.S.D.N.Y.1981), relies on former Rule 403(e), which modified the liberal amendment provisions of former Rule 110. The new rule that deals with claims of exemptions and objections to those claims is Rule 4003, which omits the contents of former Rule 403(e).

. Rule 1009 reads as follows:
Amendments of Voluntary Petitions, Lists, Schedules and Statements of Financial Affairs
A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, the court may order any voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement to be amended and the clerk shall give notice of the amendment to entities designated by the court. The amendment shall be filed in the same number as required of the original.

. Section 522(b)(2)(A) provides in relevant part:
(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate property listed in either paragraph (1), or, in the alternative, paragraph (2) of this subsection____
(2)(A) any property that is exempt under Federal law other than subsection (d) of this section, or state or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the filing of the petition, or for a larger portion of such 180-day period than is any other place; ...

. Section 348(a) provides:
(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
Sections (b) and (c) are not applicable here.

. In fact, the Lindberg court has been criticized for departing from the statutory language. See In re Lepper, 58 B.R. 896 (Bankr.D.Md.1986).

. 11 U.S.C. § 541(a) states that property of the estate is determined from commencement of the case (usually the filing date), and 11 U.S.C. § 348(a) states that conversion to another chapter has no effect on the commencement of the case.

. Rule 1019(1) provides:
When a chapter 11 or chapter 13 case has been converted or reconverted to a chapter 7 case:
(1) Filing of lists, inventories, schedules, statements. Lists, inventories, schedules, statements of financial affairs, and statements of executory contracts theretofore filed shall be deemed to be filed in the chapter 7 case, unless the court directs otherwise. If they have not been previously filed, the debtor shall comply with Rule 1007 as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under chapter 7. (Emphasis added.)

. Rule 1007 prescribes the lists, schedules and statements filed by the debtor in bankruptcy, along with applicable time limits.
Rule 1007(a)(2) provides:
In an involuntary case, the debtor shall file within 15 days after entry of the order for relief, a list containing the name and address of each creditor unless a schedule of liabilities has been filed.
Rule 1007(c) provides in relevant part:
In a case converted from Chapter 11 or Chapter 13 to a Chapter 7 case, the list of all the debtor’s creditors, a schedule of assets and liabilities, a statement of financial affairs and a statement of executory contracts shall be filed by the debtor or other person directed by the court, within 15 days after the entry of the order of conversion.

. Our approach is similar to the one employed in In re Butcher, 62 B.R. 162 (Bankr.E.D.Tenn. 1986). There the court refused to apply the Lindberg rationale to an involuntary bankruptcy case where the debtor argued that homestead exemption eligibility should be determined as of the date when she converted the chapter 11 proceeding to a chapter 7 proceeding (the case had initially been brought involuntarily under chapter 7 but the debtor converted to chapter 11, although the case was reconverted to chapter 7 on motion by a creditor). The court held that Lindberg rested on "peculiarities and policies inherent in Chapter 13 policies.” In re Butcher, supra, 62 B.R. at 165. Furthermore, the court declined to decide whether Lindberg could apply at all because:
... none of the above-enumerated policies or considerations [which Lindberg relied on] are implicated here where no Chapter 11 plan was ever confirmed. Here, no confirmation re-vested any property of the estate in the debtor. Most significantly no plan was confirmed which in any way augmented the estate with any post-petition property or earnings. This case was not a voluntary case *1362 which the debtor could simply have dismissed in order to avail herself of new and more favorable exemption laws. This court can find no reason to extend the holdings of [In re ] Stinson [27 B.R. 18 (Bankr.D.Or.1982) ] and lindberg to these facts nor tiny policy basis to read section 522(b)(2)(A) other than as it is written. The debtor’s exemptions will be determined under “state or local law that is applicable on the date of the filing of the petition.” 11 U.S.C.A. § 522(b)(2)(A) (West 1979). Id. at 115-116.

. We note with approval the method for determining avoidance that has been adopted by several bankruptcy courts. In re Duncan, 43 B.R. 833 (Bankr.D.Alaska 1984). See also In re Brad-don, 57 B.R. 677 (Bankr.W.D.N.Y.1986); In re Princiotta, 49 B.R. 447 (Bankr.D.Mass.1985); In re Sajkowski, 49 B.R. 37 (Bankr.D.R.1.1985).