HERRINGTON, et al. *v.* HEIDELBERG

No. 42159 May 28, 1962 141 So. 2d 717

*O. L. McLeod,* Pascagoula, for appellants.

*W. E. Belt,* Pascagoula, for appellee.

JONES, J.

This is an interlocutory appeal from the Chancery Court of Jackson County.

H. P. Heidelberg, Jr., sued Arnold Herrington and wife and W. E. Stephenson and wife seeking to set aside a conveyance of property therein mentioned on the ground that same was a fraudulent conveyance to defeat the rights of appellee, a creditor.

On November 5, 1960, Heidelberg sued Herrington, seeking judgment on a debt of some sort.

On November 29, 1960, Herrington and wife conveyed the property here involved to Stephenson and wife. The deed is made an exhibit to the bill of complaint and shows on its face a valuable consideration. On December 13, 1960, the County Court of Jackson County rendered judgment in the suit heretofore mentioned for the sum of $2023 and court costs.

The deed hereinbefore mentioned was filed for record on December 14, 1960. The judgment rendered on December 13 was enrolled on January 3, 1961, within twenty days after its rendition. The defendants in the suit to cancel filed a general demurrer. The demurrer was overruled by the court, the lower court holding that Sections 1554 and 1555 of the Mississippi Code of 1942, because of the provision that the lien of the judgment

should relate back to the date of rendition, gave the judgment creditor a specific lien on the property which was prior to the deed which was not filed for record until after the date of rendition. The decision of the chancellor construed the two code sections above mentioned together with Sections 867 and 868, which are sections on the recording of instruments dealing with real estate, to mean that when the judgment was enrolled within twenty days its lien related back to the date of rendition and primed any conveyance thereafter recorded regardless of whether the grantees were innocent purchasers for value. His decision was based upon the inferences arising from Johnson v. Cole Manufacturing Co., 144 Miss. 482, 110 So. 428, and Kalmia Realty & Insurance Co., et al. v. Hopkins, 163 Miss. 556, 141 So. 903, neither of which cases involve the specific question here presented, but only involved cases where the judgment was not enrolled until after more than twenty days from its rendition, so that any statement therein relative to the instant situation should be treated as dictum.

There is an old case of Duke v. Clark which was before this Court twice, and is reported in 58 Miss. 465 and 59 Miss. 575. The opinion in 59 Miss. 575 might be understood to uphold the finding of the chancellor. The case of Duke v. Clark and the importance of the question here involved has been considered by the Court en banc, and the construction given to the code sections above mentioned is the construction that the Court en-banc has placed upon said section. The four sections of the code hereinbefore mentioned should be considered in pari materia. The second paragraph of Section 1554, as amended by Chapter 233, Laws of 1960, reads as follows:

"The clerk shall, within twenty (20) days after the adjournment of each term of court, enroll all final judgments rendered at said term in the order in which they

were entered on the minutes by entering on The Judgment Roll, under the proper letter or letters of the alphabet, the name of each and every defendant to said judgment and the post office address of each defendant if such post office address is known or readily ascertainable, and if such defendant or defendants have an attorney at law in said case the name and post office address of such attorney or firm of attorneys if such post office address is known or readily ascertainable; the amount of such judgment; date of rendition; county and court in which rendered; the date, hour and minute of enrollment; and the name of the plaintiff or plaintiffs and the post office address of each plaintiff if readily ascertainable, and if represented by an attorney at law or a firm of attorneys then the name and post office address of such attorney or firm of attorneys if the post office address is known or readily ascertainable. The name of the attorney or firm of attorneys and post office addresses of said parties may be subsequently inserted by said clerk at any time.''

Section 1555 reads as follows: ''A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled; but in counties having two judicial districts a judgment shall operate as a lien only in the district or districts in which it is enrolled.''

Section 867 provides that a conveyance of land shall not be good against a purchaser for valuable consideration without notice, or any creditor, unless it is acknowledged and lodged with the clerk of the chancery

court to be recorded and that after filing with the clerk the priority of the time of filing shall determine the priority of conveyances of the same land.

Section 868 provides that all bargains and sales and other conveyances whatsoever and all deeds of trust and mortgages shall be void as to creditors and subsequent purchasers for a valuable consideration without notice unless they be lodged with the clerk of the proper county to be recorded, and that a failure to file such instrument for record shall prevent any claim of priority over any similar recorded instrument affecting the same property, "to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments in the absence of actual notice; but the same as between the parties and their heirs and as to all subsequent purchasers with notice or without valuable consideration shall nevertheless be valid and binding."

 █ Of course, a deed of conveyance or a deed of trust or other instrument is binding as between the parties thereto from the date of its execution, which includes delivery. Section 1555, as will be noted, provides that a judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where enrolled within twenty days from the rendition thereof, and shall have priority according to the order of such enrollment in favor of the judgment creditor, his representatives, or assigns, against the debtor and all persons claiming the property under him after the rendition of the judgment and that a judgment shall not be a lien upon any property of the defendant unless the same be enrolled. It would be almost an impossible task, particularly in counties like Hinds, Forrest, Lauderdale and others, including even the smaller counties, for one interested in the transfer of real estate to have to examine not only the tax records, deed records, mort-

gage records, Federal tax lien records, judgment rolls, etc., to be required to also examine the minutes, the docket and the suits pending in any circuit, county, or chancery court then in session, or which had adjourned within twenty days before such examination, to ascertain whether the court either by its minutes or docket had rendered a judgment against some person having an interest in the real estate involved, or whether, if the court was then in session, any such suit was then pending.

 So considering the case, Section 1555 is construed to mean that insofar as the judgment creditor and debtor are concerned, a judgment enrolled within twenty days relates back to the date of the rendition of the judgment, and is valid between them just as a deed or other conveyance would be between the parties thereto. However, considering said section with the recordation statutes, and also considering the provision of said statute which says such judgment "shall have priority according to the order of such enrollment, in favor of the judgment creditor," against all persons claiming the property under the judgment creditor after the rendition of the judgment, and the further provision that a judgment shall not be a lien unless it be enrolled, such statute is construed to mean that the judgment shall take effect as to third parties and have priority only from the time of its enrollment.

If, and insofar as, the case of Duke v. Clark, supra, holds contrary to this finding, it is hereby overruled to that extent. We conclude that the chancellor was in error in his holding as to the effect of the enrollment of said judgment as to third parties.

The case is, therefore, reversed and remanded.

Reversed and remanded.

All Justices concur.