Donald O. SIMMONS, Trustee, Plaintiff,

v.

Darryl C. THOMAS, Sylvia M. Thomas, Rickey J. Hemba, United States of America, on behalf of the Internal Revenue Service, Defendants.

Civ. A. No. 1:92–CV–384R.

United States District Court, S.D. Mississippi, S.D.

April 30, 1993.

Donald O. Simmons, Gulfport, MS, for plaintiff.

Neal I. Fowler, U.S. Dept. of Justice, Washington, DC, for defendant I.R.S.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on the Motion of the defendant, the United States of America, on behalf of the Internal Revenue Service, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that the properly re-

corded federal tax lien has priority over the claims of the other parties in this action and that all of the funds at issue should be paid over to the United States.

## FACTS

The plaintiff, Donald O. Simmons, brought this action for interpleader and declaratory relief to have the Court determine who should be paid the Chapter 13 disbursement checks that are made payable to the defendant Darryl Thomas. The defendants, Darryl Thomas, Sylvia Thomas, Rickey Hemba, and the United States, all have claims against the property at issue. The funds at issue represent fees that Mr. Thomas has earned in representing debtors in Chapter 13 proceedings.

The plaintiff, Donald Simmons, is the standing trustee in the Chapter 13 proceedings for the United States Bankruptcy Court for the Southern District of Mississippi. Darryl Thomas is an attorney licensed to practice in the State of Mississippi, who has a substantial federal tax liability. Sylvia Thomas is the ex-wife of Darryl Thomas, and she has a claim against Darryl Thomas for unpaid child support. Rickey Hemba is an attorney who represented Sylvia Thomas in proceedings against Mr. Thomas and has a claim for attorney's fees.

On November 20, 1989, Sylvia Thomas obtained a judgment against Mr. Thomas for unpaid child support in the amount of $13,580. Mrs. Thomas failed to enroll the judgment in either Jackson County, where the judgment was entered, or in Harrison County, where Darryl Thomas resides and practices law and where the monies at issue were earned and are being held by Mr. Simmons.

Additionally, there is no evidence before this Court that a writ of execution has been issued. The Thomases allegedly resolved their child support litigation by an agreed order dated July 14, 1992, in the Chancery Court of Jackson County, Mississippi, whereby Mr. Thomas was to endorse certain checks and Mr. Simmons was to pay $3,000 of the funds he had accumulated to Sylvia Thomas and $500 to Rickey Hemba for attorney's fees.

On January 10, 1990, the Government filed a Notice of Federal Tax Lien with the Chancery Clerk of Jackson County, Mississippi, in the sum of $22,385.53, for employment taxes due for various periods during 1984, 1985, 1987, and 1988 against taxpayer Darryl Thomas. Additionally, on May 8, 1991, the Government filed three notices of federal tax liens with the Chancery Clerk of Harrison County, Mississippi, one in the sum of $8,127.47, for federal income taxes due for the 1981, 1982, 1983, 1986 tax years; the second in the sum of $1,864.64, for employment taxes due for the 1987, 1988, 1989, 1990 tax years; and the third in the sum of $47,715.95, for employment taxes due for the 1987, 1988, 1989, and 1990 tax years. Further, the Government filed two notices of federal tax lien with the Chancery Clerk of Jackson County on May 9, 1981, one in the sum of $8,127.47, for federal income taxes due for the 1981, 1982, 1983, and 1986 tax years, and the other in the sum of $1,864.64, for employment taxes due for the 1987, 1988, 1989, and 1990 tax years. Mr. Thomas is still indebted for the income and employment tax liabilities, plus the penalties and interest in an amount that far exceeds the funds at issue.

The United States asserts to this Court that the certified transcripts indicate the following amounts remained due as of September 21, 1992:

| Tax Period | Previous Account Balance | Accrued Interest | Accrued Penalty | Total (9–21–92) |
| --- | --- | --- | --- | --- |
| 1983 Income | $ 361.94 | $ 855.71 | $ 102.48 | 1,320.13 |
| 1986 Income | 5,052.87 | 3,222.94 | 763.77 | 9,038.68 |
| 1988 1st Q | 30.20 | 1,238.52 | 460.20 | 1,728.92 |
| 1988 2nd Q | 5,387.19 | 966.19 | 306.56 | 6,659.94 |
| 1988 3rd Q | 4,650.53 | 2,028.01 | 894.15 | 7,572.69 |
| 1988 4th Q | 7,435.98 | 3,121.69 | 1,567.45 | 12,125.12 |
| 1989 1st Q | 2,926.60 | 532.16 | 262.53 | 3,721.29 |

| Tax Period | Previous Account Balance | Accrued Interest | Accrued Penalty | Total (9–21–92) |
|---|---|---|---|---|
| 1989 2nd Q | 2,823.59 | 513.45 | 288.78 | 3,625.82 |
| 1989 3rd Q | 4,702.57 | 855.11 | 543.68 | 6,101.36 |
| 1989 4th Q | 4,425.08 | 804.64 | 593.46 | 5,823.18 |
| 1990 1st Q | 2,043.77 | 371.64 | 302.04 | 2,717.45 |
| 1990 2nd Q | 3,278.02 | 596.07 | 533.94 | 4,408.03 |
| | | | | $64,842.61 |

Mr. Thomas is also liable for additional employment taxes and other tax periods not covered by the Notices of Federal Tax Liens in the table above. The Internal Revenue Service asserts that they have made numerous attempts to reach an agreement with Mr. Thomas regarding the collections of the unpaid taxes.

Three Notices of Levy in the amounts of $57,189.98, $1,510.66, and $13,764.85 were served on Donald Simmons for funds owed to Darryl Thomas on December 21, 1990. Mr. Thomas and Mr. Simmons agreed that Mr. Thomas could pay $1,280 per month to the Government in satisfaction of the delinquent tax liabilities owed by Thomas. This arrangement, in fact, commenced and continued until approximately January of 1992, when Mr. Thomas's problems regarding his child support payments to his ex-wife caused him to abandon the agreement.

A Notice of Levy was served on Mr. Simmons on January 28, 1992, for income taxes in the amount of $10,908.93, which was released on March 1, 1992. An additional Notice of Levy was served on Mr. Simmons for employment taxes on March 11, 1992, in the amount of $65,398.18, which also was released on July 28, 1992, to the extent of funds in excess of $8,960, as of that date and to the extent of future funds in excess of $1,280 per month.

At the time of the complaint in the case sub judice was filed, Mr. Simmons had accumulated $12,237.97 in fees owed to Mr. Thomas. Sylvia Thomas has a claim of $3,000 and her attorney Rickey Hemba has a claim of $500.

## DISCUSSION

This Court asserts original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. Section 1335 and pursuant to 28 U.S.C. Section 1346 since the United States is a named defendant.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In *St. Amant v. Benoit,* 806 F.2d 1294, 1296–97 (5th Cir.1987), the Fifth Circuit addressed the law as regards summary judgment and stated that "[t]he mere existence of a factual dispute does not by itself preclude the granting of summary judgment. '[T]he requirement is that there be no genuine issue of material fact.' *Anderson v. Liberty Lobby,* 477 U.S. [242], [248] [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986) (emphasis in original.)" (citations omitted).

The Fifth Circuit has addressed when an issue is genuine.

> [A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in *Liberty Lobby* that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the en-

try of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. See *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. Greenwood,* 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983)).

The issue at bar is whether the properly recorded federal tax liens of the United States for unpaid federal income and employment taxes have priority over the claims of the other defendants in this action pursuant to 26 U.S.C. Sections 6321, 6322, and 6323. This Court must examine the order of priority between federal liens for taxes and the holder of an unrecorded judgment and an agreed order.

The United States Supreme Court in the case of *United States v. National Bank of Commerce,* 472 U.S. 713, 722–723, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985) has established that federal law shall apply when there is a question of the priority of a lien interest in competition with the federal lien. Sections 6321 and 6322 of the Internal Revenue Code of 1986, 26 U.S.C., govern when and to what property a federal tax lien attaches. Section 6321 states the following:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue, in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The Supreme Court held the scope of Section 6321 "is broad and reveals on its face that Congress meant to reach every interest and property that a taxpayer might have including subsequently acquired property." *United States v. National Bank of Commerce,* 472 U.S. 713, 719–720, 105 S.Ct. 2919, 2924 (1985). The broad language of Section 6321 endorses the concept that "taxes are the lifeblood of government, and their prompt and certain availability and imperious need." *National Bank of Commerce,* supra, at 733, 105 S.Ct. at 2931. (quoting *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935)).

■ A tax lien arises automatically at the time of the assessment and continues thereafter until the underlying tax liability is satisfied or the statute of limitations expires. 26 U.S.C. Section 6322, Section 6502, Internal Revenue Code of 1986. Further, a tax lien attaches to all property or property rights a taxpayer then holds or subsequently acquires. See *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945).

■ State law is to be applied by the courts, in a federal tax lien case, when determining whether or not the taxpayer possessed an interest in the property at issue to which the federal tax lien could attach. Upon determination that the taxpayer did in fact have such an interest in the property, the lien attaches. *Aquilino v. United States,* 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). Numerous courts have held upon attachment the federal tax lien is entitled to priority over all competing claims to the property in question unless otherwise provided by federal law. See *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *Rice Investment Co. v. United States,* 625 F.2d 565 (5th Cir. 1980); *Texas Oil & Gas Corp. v. United States,* 466 F.2d 1040 (5th Cir.1972), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591.

■ Section 6323(a) of the Internal Revenue Code of 1986 (26 U.S.C.) follows the rule that "the first in time is the first in right." Thus the United States must record its lien

first to obtain priority. *City of New Britain,* supra, at 85–87, 74 S.Ct. at 370–71. In May of 1991, the Government filed notices of federal tax liens with the Chancery Clerk in Harrison County, which is Mr. Thomas's county of residence; therefore, the Government has perfected its lien pursuant to Miss. Code Ann. Section 11–7–189. See, e.g., 26 U.S.C. Section 6323(f)(1)(A)(ii).

The judgment in favor of Mrs. Thomas was not recorded in Harrison or Jackson County. A judgment, when enrolled in Mississippi, becomes a lien upon the property of the defendant within the county where the judgment is enrolled from the date of enrollment and priority is established from that day forward. *Herrington v. Heidelberg,* 244 Miss. 364, 141 So.2d 717 (1962); See also; Miss.Code Ann. Sections 11–7–189, 11–7–191 (1972). For a judgment to be a lien upon property located out of the county in which the judgment was rendered, the creditor must file a certified abstract of such judgment in the office of the Clerk of the Circuit Court of the county in which this property is located. Miss.Code Ann. Sections 11–7–195, 11–7–197 (1972). The lien attaches upon enrollment. Mrs. Thomas has failed to enroll the judgment in question in Harrison County; therefore, neither Rickey Hemba nor Sylvia Thomas have attained the status of a judgment lien creditor pursuant to 26 U.S.C. Section 6323(a). Further, since the judgment was not recorded in either Jackson County, where the judgment was entered, or Harrison County, where Darryl Thomas resides, neither Sylvia Thomas nor Rickey Hemba are judgment lien creditors pursuant to Miss.Code Ann. Sections 11–7–189, 11–7–191 (1972).

For the sake of arguendo, this Court will assume the defendants Sylvia Thomas and Rickey Hemba are qualified as judgment lien creditors. A judgment lien only attaches to real property and tangible personal property of the defendant, and it does not attach to intangible property upon enrollment. *Simmons–Belk, Inc. v. May,* 283 So.2d 592 (Miss.1973); *Bryan v. Henderson Hardware Co.,* 107 Miss. 255, 65 So. 242 (1914). Miss. Code Ann. Sections 13–3–127 and 13–3–133 (1972) provide that intangible personal prop-

erty includes rights, credits, money, bank notes, bill, evidences of debt, judgments, and decrees. A judgment creditor under an appropriate writ may seize the intangible personal property and sell the property in satisfaction of the judgment.

In order for a competing judgment lien to take priority over a federal tax lien, it must be enrolled and perfected prior to the recording of the federal tax lien pursuant to Section 6323(a), 26 U.S.C. In Mississippi the judgment lien does not attach to intangible property until execution; thus the judgment lien obtained by Sylvia Thomas does not have priority over the federal tax lien since she has not executed the judgment.

Finally, the funds in question are subject to the Notice of Levy. Section 6331 of the Code gives the United States the authority to collect unpaid taxes through an administrative levy. 26 U.S.C. Section 6331(a) provides, in pertinent part, that the authority to levy extends to

all property and rights to property (except such property as is exempt under Section 6334) belonging to such person [the taxpayer] or on which there is a lien provided in this chapter for the payment of such tax.

Additionally, Section 6332(a) of the Code provides that "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand" surrender such property or rights unless such properties or rights are subject to an attachment or execution under any judicial process. However, Section 6334(a)(8) of 26 U.S.C. exempts child support payments from the administrative levy. This exemption does not affect the priority of the competing claim since the authority to levy is merely a means of collection and not determinative of the relative priority.

In conclusion, this Court finds there is no genuine issue of material fact; thus the moving party, the United States of America, on behalf of the Internal Revenue Service, is entitled to a judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** the Motion of the defendant, the United States of America, on behalf of

**402**

the Internal Revenue Service, for Summary Judgment is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that a Judgment shall be entered in accordance with the foregoing Memorandum Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

**SO ORDERED AND ADJUDGED.**